JAMES ESTABROOK & others *vs.* EDWARD EARLE & another.

A promissory note made and given by a married woman to pay for real estate purchased as her sole and separate property, is a debt for which, under Gen. Sts. *c.* 108, § 3, she is liable to be sued at law.

In an action at law against a married woman, money held for her use and benefit on a trust revocable at her pleasure, and for which she can immediately maintain an action in her own name against the trustee in event of his refusal to pay it to her on demand, is subject to foreign attachment in the hands of the trustee.

BILL IN EQUITY setting forth that Martha Ann Barbour of Worcester, one of the respondents, a married woman whose husband was living, purchased as her sole and separate property certain real estate there, and paid for it with her promissory note signed by the complainants as sureties, which on its maturity she failed to pay, and the amount of which she owes to the complainants, who were compelled to pay it by reason of her default; that afterwards she employed the respondent Earle to buy an assignment of a mortgage to which the premises were subject at the time of her purchase, and to advance the money therefor, who did so, and agreed with her that if she should sell the premises he would hold the balance of the proceeds in trust for her, after reimbursing himself for the amount he had advanced; that afterwards the mortgage was foreclosed by Earle, she, in consideration of this agreement, not redeeming the premises; and then that Earle sold the premises for a sum which yielded a large balance after deducting the amount of his advances, and agreed to invest and hold this balance in trust for her, and made a written declaration of this trust, and held the same accordingly at the time of bringing this bill; and that said Martha had no property which could be come at to be attached. The prayer of the bill was for general relief.

The respondents demurred, alleging, among other causes of demurrer, that the complainants have a plain, adequate and

complete remedy at law; and the case was reserved for determination by the full court.

*P. C. Bacon & T. L. Nelson*, for the respondents.

*G. F. Hoar*, for the complainants.

BIGELOW, C. J. We see no reason for holding that the plaintiffs' remedy is not complete and adequate at law under the trustee process.

1. The promissory note on which they seek to charge a married woman by the bill and which it is the object of the suit to cause to be paid out of certain property in the hands of one of the defendants, is a debt contracted with reference to the sole and separate property of such married woman, for which she is liable to be sued at law. Gen. Sts. *c.* 108, § 3. There is therefore no valid objection to an action against her at common law to recover the debt.

2. There is nothing in the nature of the contract on which it is alleged that the defendant, Earle, held money for the use and benefit of such married woman, which takes it out of the provision of law by which a sum of money due to a debtor may be attached and held by virtue of the ordinary trustee process under Gen. Sts. *c.* 142, §§ 21–31. It is true that the money in his hands is held in trust for the use and benefit of a married woman, but it is on a trust which she can at any moment revoke by a demand of the money, and on a refusal to pay it to her she can immediately maintain an action in her own name to recover it. Money so placed is clearly within the reach of attachment by the trustee process as a debt absolutely due to the *cestui que trust*. *Haskell* v. *Haskell*, 8 Met. 545, 546.

*Demurrer sustained.*