## John W. Labaree & others *vs.* Sarah A. Colby.

Evidence that a married woman, at the time of buying articles of apparel for her own wear, told the seller to charge them to her and promised to pay for them out of her separate estate, is sufficient to sustain an action by him against her personally, under the Gen. Sts. *c.* 108, §§ 1, 3, for the price of the goods.

Contract on an account annexed for goods sold to the defendant. Answer, that at the time of the sale she was a married woman living with her husband and not engaged in any separate business.

At the trial in the superior court, before *Lord,* J., it appeared that the goods were articles of apparel for the defendant's own wear; and that at the time of buying them she directed the plaintiffs to charge them to her, and represented that she owned separate estate, inherited from her father, out of which she would

pay for them. The judge ruled that this evidence would not support the action, and directed a verdict for the defendant. The plaintiffs alleged exceptions.

*J. M. Stebbins,* for the plaintiffs.

*G. M. Stearns & M. P. Knowlton,* for the defendant.

GRAY, J. By the Gen. Sts. *c.* 108, § 1, the property, both real and personal, which comes to any married woman by gift or grant, remains her separate property ; and by § 3 she may bargain, sell and convey her separate real and personal property, enter into any contracts in reference to the same, and sue and be sued in all matters having relation thereto, in the same manner as if she were sole. It was decided in *Stewart* v. *Jenkins,* 6 Allen, 300, that a contract by which a married woman acquired separate property was a contract in reference to her separate property within the meaning of the statute, and that a promissory note given by her in payment for a homestead conveyed to her sole and separate use might therefore be enforced against her; and in *Spaulding* v. *Day,* 10 Allen, 96, that a note given by her for wood sold to her on her own credit, and delivered at a house owned by her and in which she lived with her husband, was equally binding upon her ; although there was no evidence in either case that she carried on any separate trade or business. Those cases are decisive of this; for a married woman may as well buy necessary wearing apparel to be worn by her, as purchase a homestead, or wood to be used on a homestead already belonging to her and occupied by her husband and herself jointly ; and the testimony given at the trial, that the defendant directed the plaintiff. to charge the articles sued for to her and promised to pay for them out of her separate estate, was sufficient evidence that these articles, intended for her own wear were purchased on her own credit, and not on that of her husband. *Exceptions sustained.*