ELIZA L. FISKE *vs.* ELIZA McINTOSH.

An action under the Gen. Sts. *c.* 137, to recover possession of leased premises, may be maintained against a married woman who hired the premises on her own credit for the occupation of herself and family, although her husband, who lives out of the state, occasionally visits her and contributes to the support of the household.

ACTION under the Gen. Sts. *c.* 137, to recover possession of a house in Medford, after notice to quit for nonpayment of rent. Trial in the superior court, before *Wilkinson,* J., who allowed the following bill of exceptions :

" It was proved that the defendant personally made the bargain with the plaintiff for the occupation of the premises, and agreed to pay a stated rent, which was paid to the plaintiff upon receipts made to the defendant, and signed by the husband of the plaintiff, until a short time before the notice to quit, when payment was refused.

" The plaintiff admitted that she knew that the defendant was a married woman, but stated that the defendant's husband had been absent from the state two years before the letting, and that the defendant told her how much she was earning.

" No objection was taken to the regularity of the preliminary proceedings.

" The defendant testified that she had a husband, Nahum McIntosh, and several children, some of whom were minors; that she had no separate business, interest or property of any kind; that he supported the family; that he had always lived with her in Medford until a year or two before she began to occupy the house in question, when, the spike factory in which he worked being removed to Pennsylvania, he went with it, leaving his family in Medford, and continued to work in the same employ coming home to his family three times a year, and sending money to her every fortnight for the support of his family; that the house was used only as a residence for the family of said Nahum McIntosh, including the defendant, except that during one summer she had as boarders two of her sons and their families, and for seven weeks she had another woman as a boarder

that she earned some money by nursing and sewing; and that all that she received from these services, together with what her husband sent her, was used for the support of the family, and she paid the rent out of the money so sent by him and that earned by her. No other facts appeared.

"Upon these facts, none of which were questioned, the defendant asked the court to rule that the defendant was not in law the tenant of the plaintiff, and that the action could not be maintained against her; that if there was any tenancy, it was in law the tenancy of the husband, and that it was not competent for the defendant to make such a contract in her own name.

"But the court declined so to rule, and instructed the jury that if the defendant hired the house for her use without using the name of her husband, as testified by the plaintiff, the action could be maintained against her. Whereupon, (there being no question of fact for the jury,) the defendant submitted to a verdict for the plaintiff, and alleged exceptions."

*T. S. Harlow*, for the defendant.

*R. D. Smith*, for the plaintiff.

GRAY, J. It is well settled by the adjudged cases that under the Gen. Sts. c. 108, § 3, a married woman may acquire separate property, real or personal, by contract, and may be sued for a breach of such contract. *Stewart* v. *Jenkins*, 6 Allen, 300. *Estabrook* v. *Earle*, 97 Mass. 302. *Labaree* v. *Colby*, 99 Mass. 559. The defendant therefore had power to make a contract in her own name, and binding upon her, for the hiring of real estate.

The plaintiff at the trial introduced evidence that the defendant told the plaintiff how much she was earning, and personally made the bargain with the plaintiff for the occupation of the premises at a stated rent, which was afterwards paid to the plaintiff upon receipts made to the defendant in her own name; that the plaintiff knew that the defendant was a married woman, but that her husband had been absent from the Commonwealth for two years before the letting. This evidence was sufficient to sustain an action against her, if the plaintiff made the contract with her and upon her own credit, although her husband

occasionally visited her and contributed to her support and that of the family. *Spaulding* v. *Day*, 10 Allen, 96. *Labaree* v. *Colby*, above cited. *Westgate* v. *Munroe*, 100 Mass. 227.

The only rulings requested by the defendant were, that if there was any tenancy, it was in law the tenancy of her husband, that it was not competent for her to make such a contract, that she was not in law the tenant of the plaintiff, and that this action could not be maintained. The presiding judge declined so to rule ; and instructed the jury that if the defendant hired the house for her use, without using the name of her husband, as testified by the plaintiff, the action could be maintained against her. The defendant thereupon, without having (so far as appears by the bill of exceptions) asked to argue any question of fact to the jury, submitted to a verdict for the plaintiff. As the rulings which she requested were erroneous, and the instructions which were given were correct, as matter of law, her exceptions cannot be sustained.                    *Exceptions overruled.*