MARCUS P. KNOWLTON *vs.* DWIGHT COOLEY & trustee.

An order of a workman to his employer to "pay to J. S. my wages as fast as they become due, to the amount of $150," accepted in writing by the employer, is a mere assignment of wages, and not a bill of exchange or a money order; and, if not recorded, is invalid under the St. of 1865, c. 43, § 2, as to future earnings, against a trustee process.

TRUSTEE PROCESS. The only issue in this court, on appeal from the superior court, was upon the question of charging Elbridge Barton as trustee of the principal defendant, on these facts agreed:

Dwight Cooley, the principal defendant, was employed as a workman for Barton, and at the time of the service of the writ on Barton had earned as wages in the course of his employment $147, which were in Barton's hands, and were liable to this process unless Hezekiah Cooley, who appeared as claimant, was entitled to them under the following order and acceptance, which order was never recorded, was given before the said wages were earned by Dwight Cooley, and was intended to apply to said wages, namely: " Springfield, August 15, 1868. Mr. Barton: Please pay to Hezekiah Cooley my wages as fast as they become due, to the amount of $150. Dwight Cooley. Accepted, E. Barton."

*M. P. Knowlton,* ( *G. M. Stearns* with him,) for the plaintiff, cited the St. of 1865, c. 43, § 2, which provides that unrecorded assignments of future earnings shall be invalid against a trustee process; *Lannan* v. *Smith,* 7 Gray, 150; *Macomber* v. *Doane,* 2 Allen, 541; *Hartley* v. *Tapley,* 2 Gray, 565; *Taylor* v. *Lynch,* 5 Gray, 49; *Wallace* v. *Walter Heywood Chair Co.* 16 Gray, 209.

*H. Morris,* for the claimant and the trustee. The St. of 1865, c. 43, § 2, being in derogation of common right and in restraint of trade, is to be construed strictly. *Melody* v. *Reab,* 4 Mass. 473. *Smith* v. *Spooner,* 3 Pick. 230. *Sewall* v. *Jones,* 9 Pick. 414. It applies to a case where there is simply an assignment and nothing more. The present case would have been within it, if there had been only the order. That of itself is an assignment. *Ad-*

*ams* v. *Robinson*, 1 Pick. 461. *Gibson* v. *Cooke*, 20 Pick. 17 The acceptance is not a part of the assignment, nor essential to it. *Macomber* v. *Doane*, 2 Allen, 542. *Tripp* v. *Brownell*, 12 Cush. 376. Upon such an order or assignment unaccepted, the payee could maintain no action in his own name. *Gibson* v. *Cooke*, 20 Pick. 17. The acceptance introduced a new party, and a new and additional contract between the acceptor and the payee; and on this new contract the payee might sue the acceptor in his own name. *Mowry* v. *Todd*, 12 Mass. 283. *Phillips* v. *Merrimack Insurance Co.* 10 Cush. 350. *Bourne* v. *Cabot*, 3 Met. 305, 308. The trustee has by his acceptance become liable in good faith to the claimant. See Gen. Sts. *c.* 142, § 28. And it is not the intention of the St. of 1865, *c.* 43, to invalidate such a contract. By force of the order and acceptance together, the wages as they were earned became due to the claimant, and not to Dwight Cooley.

WELLS, J. Upon the authorities cited, it is clear that the instrument set out in this case is an assignment of wages, and not a bill of exchange. It is not a money order for $150. That sum of money is named merely as the limit of its operation upon the wages to accrue. The acceptance of the order by Barton does not change its character. His assent was necessary to give it any validity even as an assignment. *Gibson* v. *Cooke*, 20 Pick. 15. It is true that the payee may have an action in his own name against the acceptor, if he fail to pay according to the terms of the order. But he can recover only what the instrument legally transfers to him. *Bourne* v. *Cabot*, 3 Met. 305. The statute declares the assignment invalid " against a trustee process," unless recorded. St. 1865, *c.* 43, § 2. The defendant's future earnings were not legally transferred, and are therefore liable to be held by the trustee process.

*Trustee charged.*