## DANIEL H. GORDON & another *vs.* MARTHA DIX

Evidence that a married woman, buying a coffin for the burial of her pauper father, ordered it to be charged to her, and afterwards promised to pay for it as soon as she could sell her land; that she was possessed of real and personal estate to her separate use; and that she transacted business and made contracts in relation thereto; is sufficient to support an action against her personally, under the Gen. Sts. *c.* 108, §§ 3, 5, for the price of the coffin.

CONTRACT on an account annexed for goods sold and delivered. The answer denied each and every allegation of the declaration.

At the trial in the superior court, before *Brigham*, C. J., the plaintiffs offered evidence tending to show " that the defendant, who was the wife of Joel Dix, at the shop of the plaintiffs, who were undertakers in Lowell, purchased a coffin and grave clothing, and directed the plaintiffs to carry them to the pauper farm in Chelmsford, for the burial of her father, who had just died there ; that she agreed to pay the plaintiffs for the coffin and grave clothes, and for carrying them to Chelmsford, and directed the plaintiffs to charge them to her in their books ; that subsequently she requested the plaintiffs to send a bill for them to Samuel Blood, her brother, saying that if he did not pay it she would ; that Blood did not pay the bill, and the defendant, being called upon, said that she would pay it as soon as she could sell her land in Billerica ; that, at the time of purchasing the coffin and grave clothes, the defendant possessed real and personal estate, which she held to her sole and separate use ; that she transacted business and made contracts in relation thereto ; and that she declared that she held all her husband's property under a conveyance made to her when he was embarrassed in business."

Upon this evidence, the judge ruled that the action could not be maintained, and directed a verdict for the defendant, which was returned, and the plaintiffs alleged exceptions.

*C. A. F. Swan*, for the plaintiffs.

*W. S. Stearns*, for the defendant.

COLT, J. It is unnecessary to decide whether, under the pleadings, in order to defeat this action, the defendant can avail herself of the fact that she was a married woman at the time of the

alleged contract. It is true, the defence was not set up in her answer; but the question was not raised at the trial, and the plaintiffs seem to have assumed, without objection, the burden of showing those facts which, under the recent statutes, give her a special, limited power to make contracts in her own name and on her own account. Gen. Sts. *c.* 108, §§ 3, 5. *Tracy* v. *Keith,* 11 Allen, 214. *Granger* v. *Ilsley,* 2 Gray, 521.

The court erred in ruling, as matter of law, that the action could not be maintained upon the evidence submitted. It was held in *Stewart* v. *Jenkins,* 6 Allen, 300, that a contract by which a married woman acquired separate property was a contract in reference to her separate property within the statutes; and in *Spaulding* v. *Day,* 10 Allen, 96, that a note given by her for wood sold to her on her own credit was binding, although there was no evidence in either case that she carried on business on her own account. In *Labaree* v. *Colby,* 99 Mass. 559, evidence that at the time of buying articles of apparel for her own wear she told the seller to charge them to her, and promised to pay for them out of her separate estate, was held sufficient to sustain an action against her personally.

These cases are decisive. There was evidence here, which should, at least, have been submitted to the jury, showing that the defendant bought the articles on her own credit, and that they became her separate property, and were so treated in the appropriate use afterwards made of them by her sole direction. The fact that she owned separate real and personal property, and transacted business and made contracts in relation to the same, is also to be considered together with her declarations, in reaching the intention of the parties in this transaction.

*Exceptions sustained.*