ATHOL MACHINE COMPANY *vs.* LYDIA A. FULLER.

The promise of a married woman as surety for her husband, without any consideration received by her or benefit to her separate estate, cannot be enforced as a contract in reference to her separate property under the Gen. Sts. *c.* 108, § 3.

CONTRACT on a promissory note signed by the defendant under date of March 7, 1870, and payable to the plaintiffs or their order, on demand. The answer alleged " that at the time of the execution of the note in suit and at the present time the defendant was and is a married woman living with her husband, Joseph N. Fuller, and that the note in suit was not given by her in relation to any sole and separate property of which she may be possessed, wherefore she does not owe the plaintiffs the amount thereof." The case was submitted to the judgment of the court on the following statement of facts :

" The defendant is a married woman having separate estate and property, and the note was made under the following circum

stances. Some time more than a year before the date of the note, the plaintiffs trusted the defendant's husband with certain articles for sale, upon his oral representation, made without her knowledge and never communicated to her, that, he having no property in his own hands, his wife would be responsible for their amount. Afterwards, and about a year before the date of the note, an agent of the plaintiffs called upon him to pay the amount due for these articles. But he was not able to pay, and wished for further time. The agent told him that he (the agent) would make out a note, and he (the husband) and his wife should sign it, according to the agreement, and the plaintiffs would let the matter rest. This was in the presence of the defendant, who took some part in the conversation. The note was made, signed by the husband and wife, and delivered to the agent. In about a year from its date, the agent called with it at the defendant's house for the amount of it. The husband was not at home, and the defendant was not prepared to pay the note or interest. The agent said that the interest was payable annually, and unless it was collected annually the plaintiffs would lose the interest upon the interest. She asked if no arrangement could be made in regard to the note. The agent suggested that, as she was the responsible party, he supposed a note signed by her alone would be just as good. She replied that she did not see any reason why it should not be just as good. The agent then suggested that the interest should be computed and a new note written for the amount, to be signed by her alone. She assented to this arrangement; the interest was computed; and the note in suit was written for the amount due, and was signed by the defendant after she had examined the figures to see that they were correct, and delivered to the agent, who surrendered the note previously given by the defendant and her husband."

*S. O. Lamb*, for the plaintiffs.

*W. S. B. Hopkins*, for the defendant.

MORTON, J. The consideration of the note in suit was a debt due by the defendant's husband to the plaintiffs, for which she was not liable. The fact that a previous note, signed by her and her husband, of which this note was a renewal, had been given

does not affect the case. We must look to the original consid-
eration, to see if this note was a contract in reference to her
separate property within the meaning of the statute. Gen. Sts.
*c.* 108, § 3. The facts present a case where she was a mere
surety for her husband, without any consideration received by
her, or any benefit to her separate estate. Such a promise can-
not be held to be a contract in reference to her separate property.
If it could, then every promise made by her must be so held,
merely because it would otherwise be ineffectual. No case has
gone to this length. On the contrary, the case of *Willard* v. *East-
ham*, 15 Gray, 328, proceeds upon the ground that such a promise
is wholly void at law. We have no doubt that the note in suit is
invalid.                    *Judgment for the defendant.*