ALFRED FAUCETT & another *vs.* JANE A. CURRIER.

A married woman, who has signed a written agreement for the purchase of land sold to her by auction, cannot be permitted to prove by parol evidence that she did not read the agreement or know its contents, and that the vendor asked her to bid on the property as an under-bidder, and told her that she would not be bound to take it but might do so if her husband desired.

Under the Gen. Sts. *c.* 108, § 3, a married woman may bind herself by her separate contract for the purchase of real estate.

CONTRACT for breach of the following agreement signed and sealed by the defendant under date of June 9, 1870 : " I hereby acknowledge that I have purchased by public auction house and lot 29 on Beethoven Street for the sum of six thousand dollars, and have paid into the hands of Hunting & Leavit, auctioneers, the sum of one dollar as a deposit, and in part payment of the purchase money, and I hereby agree to pay the remaining sum of       in to the vendor, on or before the 18th day of June, and in all respects on my part to fulfil the conditions of sale."

At the trial in the superior court, before *Lord*, J., the plaintiffs offered oral testimony to prove that the real estate described in the agreement was owned by them and situated in Boston, and the auctioneers therein named were their agents ; " that they advertised said real estate for sale by auction on said 9th of June, and it was bid off and purchased by the defendant for the price named ; that the auctioneers, at the time of the sale, read the terms of sale and on whose account the estate was sold ; that the defendant, at the time of the sale, signed the agreement and gave it to the auctioneers for the plaintiffs ; that a good and sufficient deed of the property was by the plaintiffs tendered to the defendant on the 18th of said June, which she refused to accept ; that they then demanded of her the balance of the purchase money, which she refused to pay ; and that the property was not then worth more than $5,701."

The plaintiffs admitted " that the defendant, at the time of the sale, was a married woman ; that she had no property except a dwelling-house, procured and used by herself and family as a nomestead ; that she was not and never had been engaged in any

trade, business, or employment on her sole and separate account and that her husband, on learning what she had done, objected and would not allow her to consummate the purchase."

The defendant offered to prove " that she had known one of the plaintiffs intimately for many years ; that she met him on the premises on the morning of the sale, and he stated to her that the property was limited at and would not be sold for less than $6,500, and requested her to bid thereon as an under-bidder, representing that it would aid him in making a sale ; that she then said to him that she had not spoken with her husband in regard to the purchase of the property ; that he stated to her before the sale, and after she had signed the agreement, that she need not and would not be bound to take the property, but might do so if her husband desired ; and that she did not read the agreement or know its contents when she signed it."

The judge excluded the evidence offered by the defendant ; and, " upon so much of the evidence offered by the plaintiffs as is competent," ruled that it was insufficient to entitle them to a verdict. A verdict was thereupon taken for the defendant, and the case reported to this court.

*D. C. Linscott,* for the plaintiffs.

*J. W. Hubbard,* for the defendant.

GRAY, J. The written agreement signed by the defendant was absolute and unconditional to purchase and pay for the plaintiffs' land, and the oral evidence offered by her to control its effect was rightly rejected.

The remaining question is, whether under the statutes of this Commonwealth a married woman can bind herself by her separate agreement for the purchase of real estate.

By the Gen. Sts. *c.* 108, § 3, " a married woman may bargain, sell and convey her separate real and personal property, enter into any contracts in reference to the same, carry on any trade or business, and perform any labor or services, on her sole and separate account, and sue and be sued in all matters having relation to her separate property, business, trade, services, labor and earnings, in the same manner as if she were sole." The only restriction of the powers and liabilities thus conferred and imposed

is, that the assent of her husband or the approval of a judge is necessary to the validity of a conveyance by her of shares in a corporation or of an interest exceeding an estate for a year in real property. In all other respects, her power to make contracts in relation to her separate property, real or personal, and her liability to be sued thereon, are unqualified.

It has been established by a series of decisions, and must now be deemed the settled construction of the statute, that the capacity thus bestowed upon a married woman enables her not only to incur obligations with regard to property which she already owns, but also to bind herself by agreements for the acquisition of property to her separate use. *Ames* v. *Foster*, 3 Allen, 541. *Chapman* v. *Foster*, 6 Allen, 136. A married woman has accordingly been held to be liable to an action at law upon a promissory note given in payment for land conveyed to her; *Stewart* v. *Jenkins*, 6 Allen, 300; *Estabrook* v. *Earle*, 97 Mass. 302; upon a contract for the hire of real estate to her separate use; *Fiske* v. *McIntosh*, 101 Mass. 66; for the price of wearing apparel purchased for herself; *Labaree* v. *Colby*, 99 Mass. 557; or for a coffin purchased by her for the burial of her father, who was a pauper; *Gordon* v. *Dix*, 106 Mass. 305; but not upon a promise made by her as surety for her husband, without any consideration received by her, or any benefit to her separate estate. *Athol Machine Co.* v. *Fuller*, 107 Mass. 437.

The present case is within the rule. If the property in question, when conveyed to her according to the agreement between her and the plaintiffs, was to be held to her separate use, the fact that she had not previously acquired title to it, or did not afterwards take possession of it, did not make her agreement to purchase it the less a contract in reference to her separate property.

The ruling that the evidence offered by the plaintiffs was insufficient to entitle them to a verdict was therefore erroneous, and the verdict directed for the defendant must be set aside and a

*New trial ordered.*