WILLIAM HEBURN *vs.* ALMIRA WARNER and another.

A married woman, to enable her son to borrow money, gave her note secured by a mortgage of her separate estate, to which mortgage the husband assented in writing, and the money was advanced upon it. In a suit in equity against her and her husband to make the debt a charge upon the mortgaged property: *Held*, that there was no remedy at law; that the note at law was void; that the mortgage was also void, and could not be foreclosed by action; that the debt was a charge upon the mortgaged estate; that the pendency of an action to foreclose the mortgage was not a valid objection to the maintenance of the suit in equity; and that the husband was properly joined as a defendant.

ENDICOTT, J. The facts in this case, as they appear upon the bill, answer and agreed statement, are in substance as follows: Almira Warner, the wife of Levi Warner, was, in March, 1869, the owner in her own right of a certain parcel of land with the buildings thereon situate in Great Barrington. Her son, Edward E, Warner, was at that time desirous of establishing himself in business, and required one thousand dollars for that purpose, and stated to her that he could obtain it of the plaintiff, if she would give to the plaintiff her note for one thousand dollars, secured by a mortgage on her real estate. She thereupon, at her son's request, made and executed a note for one thousand dollars, payable to the plaintiff, and also a mortgage in the common form upon her real estate. The note and mortgage were left by her with one Seeley, and the mortgage was subsequently executed and

acknowledged by her husband. The plaintiff afterwards paid over to Edward F. Warner the sum of one thousand dollars, and received from him the note and mortgage. It appears from the indorsements on the note, that two years' interest was paid, by whom it is not stated, but as she denies all dealings with the plaintiff, it is to be presumed that the payments were made by her son. The plaintiff had no conversation with her on the subject at any time previously to the payment by him to the son, and the delivery of the mortgage and note to him. She never received the thousand dollars, or any sum as a consideration for the note and mortgage; and no question is made by either party that the money was obtained of the plaintiff for the accommodation and use of the son, and not for her use and benefit, or for the use and benefit of her separate estate, trade or business.

Upon these facts the plaintiff contends that the defendant, Almira Warner, in fact and effect, acted as surety for her son, and for his accommodation and benefit only ; that neither she nor her estate received anything by the transaction; and that the case does not fall within the provisions of the Gen. Sts. *c.* 108, § 3. In his bill he alleges that he has no remedy at law, and prays that the mortgage may be enforced against the real estate, and the same adjudged liable for the payment of his debt. Her answer alleges, that if the plaintiff has any legal claim against her, which she denies, he has a full, adequate and complete remedy at law, and so cannot maintain this bill. She also alleges, that previously to the filing of the bill, the plaintiff had commenced an action at law against her to foreclose the mortgage, which is still pending, and that the plaintiff should not be permitted to maintain this bill while prosecuting his action at law for foreclosure. The defendant Levi Warner demurs to the bill, because it does not state any legal or equitable cause of action against him.

The question to be determined on these facts is whether the plaintiff has a remedy at law, and, if not, whether he can maintain this bill in equity.

A married woman is empowered by law to bargain, sell and convey her real or personal property, and enter into contracts in reference to it. This has been held to include all direct dealings

with the property itself, by sale or otherwise, and all obligations assumed in connection therewith, as for buildings upon her own land; and when she binds herself to pay money for property purchased, as the property will become hers by the purchase, the obligation to pay is held to be in reference to her separate property. *Parker* v. *Kane*, 4 Allen, 346. *Chapman* v. *Foster*, 6 Allen, 136. *Estabrook* v. *Earle*, 97 Mass. 302. *Labaree* v. *Colby*, 99 Mass. 559. *Gordon* v. *Dix*, 106 Mass. 305. *Faucett* v. *Currier*, 109 Mass. 79. Her power to contract is limited to this class of cases. But she cannot contract as surety for another, nor can a note given by her for her husband's debt bind her. *Burns* v. *Lynde*, 6 Allen, 305, 313. *Athol Machine Co.* v. *Fuller*, 107 Mass. 437. Her note therefore in this case, standing by itself, is absolutely void. It was for the accommodation and benefit of her son, and, in substance, security for the sum of one thousand dollars which the plaintiff had agreed to lend him. She never received the money, nor did it go to the benefit of her estate; the note was without consideration moving to her, and was not within that limited class of contracts which she is empowered by the statute to make. See *Bartlett* v. *Bartlett*, 4 Allen, 440.

Nor does it affect the character of the note, as a contract applying to her separate property, that it is secured by a mortgage on her land. The mortgage is collateral to the note; the one is the principal, the other the incident; the note stands by itself, a complete contract, in no way depending upon the mortgage for its own validity, or affected by the invalidity of the mortgage. *Sterling* v. *Rogers*, 25 Wend. 658.

As no action can be maintained on the note, can the mortgage be foreclosed at law?

This leads us to the consideration of the relation a mortgage bears to the debt or obligation it is intended to secure. It is, though in form a conveyance of real estate, in substance a security for the payment of money. As the debt goes to the personal representatives, so the estate constituting the pledge goes with it, and is available according to the original intent as an actual security. The mortgaged estate, until foreclosure, is a

pledge only; the relation of debtor and creditor exists, the equity of redemption remains, and the mortgage is extinguished by the payment of the debt. *Wearse* v. *Peirce*, 24 Pick. 141. *Clark* v. *Beach*, 6 Conn. 142, 159. *Norwich* v. *Hubbard*, 22 Conn. 587. The obligation of the debtor to respond on his note in his person and property is the same as if no security had been given; the rights of the creditor upon the note cannot be curtailed by the fact that there is no security, nor can the obligations of the debtor be varied or enlarged thereby. *Rogers* v. *Ward*, 8 Allen, 387, 389. But a very different rule prevails when seeking remedies on the mortgage. In an action to foreclose the mortgage, conditional judgment can only be entered for the amount due on the debt. If there is no mortgage debt due, there can be no judgment. Gen. Sts. *c.* 140, § 5. *Holbrook* v. *Bliss*, 9 Allen, 69, 77. *Wearse* v. *Peirce, supra.*

It necessarily follows, therefore, that not only the amount due must be inquired into, but whether there is a valid and existing debt to which the mortgage stands as security. It was held in *Wearse* v. *Peirce*, that the fact that a note was without consideration, was a good defence in a suit to foreclose the mortgage, given to secure it. And in *Vinton* v. *King*, 4 Allen, 562, Mr. Justice Metcalf said: "In an action brought by a mortgagee against his mortgagor on a mortgage given to secure the payment of a note, the defendant may show the same matters in defence, which he might show in defence of an action on the note." The only exception to this is where the note is barred by the statute of limitations; because a valid debt is not discharged by the statute, only the remedy is affected. *Thayer* v. *Mann*, 19 Pick. 535. It was therefore held in *Vinton* v. *King*, that a mortgagor could show that the note was obtained from him by duress, and that this was a good defence to an action on the mortgage, brought by one who takes the note after it is due, and subject to the equities between the original parties. It was also held in *Brigham* v. *Potter*, 14 Gray, 522, and *Denny* v. *Dana*, 2 Cush. 160, that where a note is wholly void, the mortgage is therefore wholly void.

In *Bartlett* v. *Bartlett*, 4 Allen, 440, the wife became surety

for a note signed by her husband and his partner, they being indebted to the plaintiff. The note was a valid note against them. She also mortgaged to the plaintiffs her separate real estate as security for the note or indebtedness of her husband and his partner. It was held, in a writ of entry to foreclose, that the mortgage was binding, because it was a contract entered into by her in relation to her separate property, and to secure a valid and existing debt. And in reply to the suggestion that the mortgage was void, because it was made to secure a note signed by a married woman as surety, Chief Justice Bigelow said : " This might be a very sound argument if the note was signed by the married woman alone. In such case, the note being void, the demandant would not be entitled to judgment for possession. But the note is not void. It is a valid contract binding on the other promisors. It is therefore the ordinary case of the conveyance of real estate by a valid deed to secure the payment of debt due to the grantee." The fact that she signed the note was therefore immaterial.

Upon this review of the cases, it is clear that no action to foreclose can be maintained on this mortgage, because the note was wholly void. If it had been given to secure the note or the debt of the son, it would have fallen within the rule of *Bartlett* v. *Bartlett*, and have been a contract in regard to her separate property, as security for a valid debt. But it is to secure her own void obligation, and the security fails when that to which it is collateral fails.

The statute which makes a married woman *sui juris*, as to a certain class of contracts relating to her own separate property, does not impose upon her any different obligations, or subject her to any other rules in dealing with such property, than those which govern other persons, not under disability, dealing with their own property in like manner and for similar purposes. If a mortgagor *sui juris* can set up in defence to an action to foreclose that the note was void, was without consideration, or was wrung from him under duress, or was for property sold in violation of law ; certainly a married woman, being *sui juris* in this respect, having the same rights as to her separate property as if sole,

could set up the same defences under similar circumstances. She, therefore, can set up this defence to the mortgage, which the law gives her to the note. The defence, given her by law to the note, must upon principle and analogy extend to the mortgage.

Having no remedy at law upon these facts, either on the note or mortgage, it only remains to consider whether the plaintiff can in equity enforce his claim, which the defendant, Almira Warner, has expressly made a charge on her separate estate by a mortgage in due form, her husband joining in the deed. We are of opinion that he can. It is clearly within the present equity powers of this court.

In England and in some of the states, it has been held that the separate property of a married woman is answerable in equity for her debts and engagements to the full extent to which it is subject to her disposal. And this is on the ground that it is her separate estate, equitably subject to the contracts or obligations entered into by her, not binding on her personally, and which cannot be enforced at law. Equity, therefore, applies the remedy by appropriating the property to the satisfaction of the debt. And it does this, although nothing is said in the contract in regard to her separate property, and no express charge is made on her separate property by the contract. *Owens* v. *Dickenson*, Cr. & Phil. 48. *Johnson* v. *Cummins*, 1 C. E. Green, 97.

This court does not carry the doctrine to that extent, but limits the liability of the married woman's estate upon contracts which do not benefit her, to those cases where she has made an express charge upon it by some instrument in writing. And the principle upon which her liability rests, in case of an express charge, is thoroughly examined in *Willard* v. *Eastham*, 15 Gray, 328. The authorities are there considered at length, and Mr. Justice Hoar closes with saying : " Our conclusion is, that when by the contract the debt is made expressly a charge on the separate estate or is expressly contracted upon its credit, or when the consideration goes to the benefit of such estate, or to enhance its value, then equity will decree that it shall be paid from such estate, or its income, to the extent to which the power of disposal by the married woman may go. But where she is a mere surety

or makes the contract for the accommodation of another without consideration received by her, the contract being void at law, equity will not enforce it against her estate, unless an express instrument makes the debt a charge upon it." In that case a married woman, having separate estate, had given her note to her brother to establish him in business, but made no charge upon her separate estate by any instrument in writing. She was held not to be liable. If she had made such a mortgage on her separate property as we have in this case, she would have been liable, and strictly within the principle laid down in the opinion. In *Rogers* v. *Ward*, 8 Allen, 387, the court approved the doctrine of *Willard* v. *Eastham*. See also *Yale* v. *Dederer*, 18 N. Y. 265; *S. C.* 22 N. Y. 450.

It is no objection to the maintenance of this bill, that an action at law to foreclose is pending, upon which the plaintiff cannot have judgment because the note to which it is collateral is void. This point was not pressed in argument.

Levi Warner is properly a party. He signed the mortgage, and, as the husband of Almira Warner, has an interest in the estate to be charged, and will be affected by the decree.

*Decree for the plaintiff.*

*M. Wilcox & J. Dewey, Jr.*, for the plaintiff.

*B. Palmer*, for the defendants.