GEORGE J. MANSARD & another *vs.* JOHN DALEY & trustees.

A workman, by an unrecorded written order accepted by his employers, assigned "the amount of wages I may earn monthly." At the time of payment, the amount due him was, by his direction, placed for the assignee by one of the employers in an envelope in the employers' safe. In an action against the workman in which his employers were summoned as trustees, *Held,* that the written assignment being void by St. 1865, c. 43, § 2, for not being recorded, and the oral direction being revocable, the employers were chargeable as trustees:

CONTRACT. "William Tidd, Charles H. Brown and Charles W. Tidd, copartners under the firm William Tidd & Co.," were

summoned as trustees. The trustees answered the plaintiffs' interrogatories as follows :

Int. " Did the defendant John Daley work for you any during the months of April or May, 1872, previous to the time of the service of the plaintiffs' writ on you ? " Ans. " He did."

Int. " State the amount due the defendant in your hands or possession, at the time of said service, also state the number of days he worked during said time and the amount he was to receive per day for said work ? " Ans. " The defendant worked 19½ days in April at $1.83 per day. But there was no money due the said defendant at the time of service."

Additional interrogatories were filed and answered as follows :

Int. " At the time of the service of the plaintiffs' writ, was the money, admitted by you to have been earned by the defendant, still in the hands or possession of either of the trustees named in said writ ? " Ans. " It was in the possession of Charles H. Brown, who held it for the purpose of paying it to Chase Brothers under the following circumstances : Some time during the early part of April an order from the defendant Daley was accepted by Wm. Tidd & Co. of which the following is a copy :

" ' Stoneham, April 6, '72. [Stamp.] W. Tidd & Co. Gents., Please to pay Chase Bros. the amount of wages I may earn monthly, until further notice from Chase Bros. John Daley.' ' Accepted. William Tidd & Co.'

" William Tidd & Co. pay off their men on the first Friday of every month. On the first Friday of May last, when the defendant's name was reached on the pay roll, the money which he had earned was laid one side in an envelope for Chase Brothers, in accordance with the order and by the direction of the defendant given when his name was called."

Int. " State where the money was, at the time of the service of said writ, which the defendant had earned previous to said service." Ans. " It had been placed by Charles H. Brown in the safe of William Tidd & Co., in their safe at Stoneham."

In the Superior Court the trustees were discharged, and the plaintiffs appealed.

*B. F. Briggs*, for the plaintiffs.

*W. B. Stevens,* for the trustees.

ENDICOTT, J. The order of the defendant to Wm. Tidd &
Co. was an assignment of future wages to Chase Brothers, and
not having been recorded, was invalid against trustee process.
St. 1865, c. 43, § 2. *Knowlton* v. *Cooley,* 102 Mass. 233.

It appeared in evidence that on the first pay day of Wm. Tidd
& Co., after the order was given, the money due the defendant
was placed by Wm. Tidd & Co. in their safe in an envelope for
Chase Brothers, " in accordance with the order and by the direc-
tion of the defendant when his name was called."

The order acquired no validity as against trustee process from
the oral direction of the defendant, and if the money was laid
aside, as would seem to be the proper construction of the words,
in accordance with the order, what took place on the pay day
made no change in the position of the parties. But assuming the
construction of the claimants' counsel that it was laid aside by the
direction of the defendant, it was still within the reach of at-
tachment by trustee process. It was merely a direction to hold
the money of the defendant at the disposal of a third party, and
was revocable until actual payment of the money according to the
direction. Chit. Con. 616. *Estabrook* v. *Earle,* 97 Mass. 302.
The entry must therefore be, *Trustees charged.*