SOPHRONIA C. WILDER *vs.* MYRA L. RICHIE & another.

Middlesex.   Jan. 14. — March 8, 1875.   AMES & ENDICOTT, JJ., absent.

Evidence that a promissory note, signed by a married woman and indorsed by her
  husband, was given for a loan of money to the woman upon her request and repre-
  sentation that she was able to pay the note and was the owner of real estate which
  she promised not to incumber or part with until the note was paid, that the party
  lending the money did not then know the husband, and did not until afterwards
  know that his name was on the note, is sufficient to warrant a finding, as matter of
  fact, that the money was paid to the woman for her sole use and upon her sole
  credit.

Where money is lent to a married woman, it is immaterial, as affecting her separate
  liability, whether the lender knew that she intended to apply it to the benefit of
  her husband in his business.

CONTRACT upon a promissory note payable to the plaintiff or
bearer, signed by the first named defendant and indorsed by Wil-
liam K. Richie, the other defendant.   Writ dated April 19, 1873.
Trial in the Superior Court, without a jury, before *Bacon*, J.,
who allowed a bill of exceptions in substance as follows :

The two defendants at the time the note was made were hus-
band and wife living together, and William K. Richie did not
appear and defend the suit.

The plaintiff offered evidence tending to prove that the defend-
ant requested the plaintiff to lend her the money, and, to induce
her to do so, represented to her that she was the owner of real
estate in Everett in her own right, and that she was abundantly
able to pay the note ; that the plaintiff desired the defendant to
mortgage the real estate to her as security for the loan, which the
defendant was unwilling to do, but verbally promised the plaintiff
that she would not incumber or part with said real estate while
the loan was unpaid, and that the plaintiff, after inquiry as to
the defendant's property and relying upon the representations
of the defendant, made the loan to her and paid the defendant
the money ; that the plaintiff had no negotiations with the hus-
band in relation to the loan, had no acquaintance with him, and
did not know his name was upon the note until some time after
the note was given.

The defendant contended and offered evidence tending to prove
that the note was given for the purpose of raising money to assist
the husband in his business, he being at that time engaged in

trade in Boston in the same store which was occupied by the plaintiff's husband, and that the plaintiff knew or had reason to believe at the time the note was given that the proceeds of the loan were to go to the husband for his benefit, and asked the judge to rule that the plaintiff could not recover unless it was proved that the money for which the note was given was paid to the defendant for her sole use ; and that if the note was signed by the defendant to enable her husband to borrow money to invest in his business and for his use, the plaintiff could not recover.

The judge found that the loan was made by the plaintiff to the defendant upon her sole credit and upon the credit of her separate estate, and that the money was paid by the plaintiff to the defendant at the time the note was given for her sole use, and that it was immaterial whether it was known and understood that the money was intended by the defendant to be applied to the use and benefit of her husband in his business ; and upon all the evidence, ruled that the plaintiff was entitled to recover, and ordered judgment for the plaintiff for the amount of the note and interest. To these rulings the defendant alleged exceptions.

*I. S. Morse,* for the defendant.

*C. R. Train & J. O. Teele,* for the plaintiff.

DEVENS, J. The evidence offered by the plaintiff tended to show that the loan was made to the defendant, Myra L. Richie, a married woman, at her own request upon her statement of her ability to pay the note, and her representation that she was the owner of real estate in her own right which she promised not to incumber or part with until the loan was paid ; and further that the plaintiff had no acquaintance with the defendant's husband, no negotiations with him, and did not know that his name was on the note until some time after it was given. Upon this evidence, the presiding judge was justified in finding that the loan was made to the defendant upon her sole credit and that of her separate estate, and that the money paid to her by the plaintiff was for her sole use.

He also correctly ruled that evidence which tended to show that it was known or understood by the plaintiff that the defendant intended to apply this money to the benefit of the business of her husband was immaterial.

The question passed upon in *Heburn* v. *Warner*, 112 Mass. 271, is not the one here presented.   There the note sued on was given by a married woman for a loan made to her son.   The contract was with him, the loan was not for her use or accommodation, nor did the money received ever come to her or to her use.   The note was, therefore, a promise to pay the debt of another, and by such promise she could not be bound.   *Burns* v. *Lynde*, 6 Allen, 305. *Athol Machine Co.* v. *Fuller*, 107 Mass. 437.

The contract in the present case is one which the wife made on her own behalf.   Such a contract she had a right to make ; she may contract not only as to property already acquired by her, but may also bind herself by agreements for the acquisition of property to her separate use.   *Ames* v. *Foster*, 3 Allen, 541.   *Chapman* v. *Foster*, 6 Allen, 136.   *Faucett* v. *Currier*, 109 Mass. 79. Nor can any distinction be made between the acquisition of money and other personal property.   Even if the party lending the money had reason to believe that she intended to devote it to assisting her husband in his business, he had nothing to do with the disposition of it, and she might afterwards if she chose devote it to any other object.   Nor had the husband any rights in it, whatever may have been her intention in acquiring it ; the money belonged to the wife to dispose of as she saw fit.   Her right to dispose of her separate property is as absolute as her right to acquire it.   St. 1874, c. 184, § 1.          *Exceptions overruled.*