### JOHN STINSON and another

*vs.*

### ALBERT CASWELL and ARA CUSHMAN & COMPANY, Trustees.

### Androscoggin. Opinion December 17, 1880.

*Trustee Process. Computing wages by coupons. Assignment of wages.*

The only way in which C. & Co. computed the amount due for work done by the piece, in their shoe factory, was by the coupons presented at their office, which, their custom was, to credit and pay to those who presented them. C., an operative in their factory, delivered his coupons to S. by whom they were presented to C. & Co. who credited S. for their amount; *Held*, in an action wherein C. & Co. were summoned as the trustees of C. where the writ was served upon the alleged trustees after they had thus credited to S. on their books the amount of the coupons as presented by him, that the trustees must be discharged.

*Also held*, that this was a transaction to which — when in good faith — the statute requiring record of assignments of wages does not apply.

ON EXCEPTIONS. On trustee disclosure.

(Disclosure of the alleged trustees.)

`.  .  .` That the said principal defendant, Albert Caswell, prior to the service of the plaintiffs' writ, as aforesaid, was employed in the manufactory of the said alleged trustees, on what is called "piece work," that the only way the said alleged trustees compute the labor done by men who "work by the

piece" in said manufactory is by the coupons presented at the office of said alleged trustees, each coupon being so marked as to represent a certain piece of work, and the said alleged trustees have annexed hereto a copy of one of said coupons, marked "Exhibit A." That in making up the pay roll, each coupon so presented is credited to the person presenting it, and payment is made to him accordingly, the pay day following. That each month's pay roll is made up as soon as may be, after the second Saturday of each month as aforesaid. That in paying for the labor performed by men in said manufactory, by the piece, the custom of the said alleged trustees has been and now is to recognize the persons presenting labor coupons as aforesaid, as the legal owners of the same, and entitled to demand and receive the payment for the labor represented by said coupons, and to pay them the same accordingly. That the said principal defendant at the time of the service of the plaintiffs' writ upon the said alleged trustees, to wit: on the nineteenth day of January, A. D. one thousand eight hundred and eighty, had not presented any coupons representing the previous month's work at the office and counting room of the said alleged trustees, and there was nothing to the credit of the said principal defendant, on the books of account and pay roll of the said alleged trustees. That previous to the service of the said plaintiffs' writ upon the said alleged trustees, as aforesaid, to wit: on the fifteenth day of January aforesaid, certain coupons amounting to fifty-one dollars and fifteen cents were presented at the counting room of the said alleged trustees by one Benjamin F. Sturgis as his own, and the same were then and there credited to the said Sturgis, and paid to him accordingly on the pay day next following. That at the time said Sturgis presented said coupons he informed the clerk of the said alleged trustees that the same were once the coupons of the said principal defendant, but that the same were then the property of the said Sturgis. That said credit was given to the said Sturgis, and payment of the same was made, in good faith, in the usual course of business.  .  .

Upon the foregoing disclosure the presiding judge discharged the trustees; to this ruling the plaintiffs excepted.

*J. W. Mitchell,* for plaintiffs.

The coupons were not negotiable instruments and could only be transferred by assignment. At the most their transfer would be only an assignment of wages and therefore should have been in writing and recorded. Stat. 1876, c. 93.

*George C. Wing* and *Charles E. Wing*, for the alleged trustees, cited: 2 Chitty Cont. (11 Am. ed.) 1108, 1373, n. *F; Maxwell* v. *Haynes*, 41 Maine, 559; Bouvier Law Dictionary, "Novation."

SYMONDS, J. The transaction which the disclosure details was something more than an assignment of wages.

The only way in which the alleged trustees were accustomed to compute the amount due for work done by the piece in their factory was by the coupons presented at their office, and their custom was to credit and pay the amount of the coupons to those who presented them. The defendant may be presumed to have known the usual course of the business in which he was employed, the general business methods of the firm for which he worked. Under these circumstances, he delivers the coupons to Sturgis, who presents them to the trustees and before service of the writ obtains credit on their books on his own account, for the amount of them. No credit for the coupons was ever given to the defendant. He could not have expected it. It would have been contrary to the usage of the firm for him to receive credit for coupons presented by another. The understanding of the defendant, the trustees and the claimant must have been that, in consideration of the release by the defendant of his claim for pay from the trustees for the work designated in the coupons, they were to pay the claimant the amount of the debt discharged by the defendant; and this understanding had been so far carried into effect prior to service that the trustees had assumed, unconditionally, the new liability to pay Sturgis that amount, crediting it to him upon their books to be paid at the next monthly pay day. The result of the disclosure is to show that, before the writ was served, by mutual consent the debt due from the trustees to the principal defendant had been discharged and Sturgis had become the creditor of the firm for the same amount. This was a

transaction to which — when in good faith — the statute requiring record of assignments of wages does not apply. The trustees owed the defendant nothing when the writ was served.

In some cases in Massachusetts, under a similar statute, accepted orders, when unrecorded, have been held to be ineffective against the trustee process. *Knowlton* v. *Cooley*, 102 Mass. 233 ; *Masard* v. *Daley*, 114 Mass. 408.

But that was upon the ground that the acceptances created a liability only to pay the balance remaining after satisfying the claim of the attaching creditor. Here the trustees were liable in full to Sturgis. Compare *O'Brien* v. *Collins*, and *Wart* v. *Mann*, 124 Mass. 98, 586.

*Exceptions overruled.*

APPLETON, C. J., WALTON, BARROWS, VIRGIN and LIBBEY, JJ., concurred.