GEORGE BOWEN & another *vs.* EDMUND CONNER.

The grantor of land may create a right of way therein, in his own favor, by a reservation or exception thereof in the grant, either in gross, or as annexed to land of the grantor.

Two tenants in common of a lot of land, entirely surrounded by lands of other persons, except on one side, which bounded on a road, made a division thereof by mutual releases, that part of the lot bounding on the road being assigned to one of them, and the back part to the other; the tenant, to whom the back part was assigned, in his release of the front part to the other tenant, made the following reservation: "Reserving forever a right of way, over a street, which the grantee is to make, from the north-west corner of said granted lot, to the road, said street to be thirty feet in width adjoining the west line of the granted lot;" It was held, that this was a reservation of a right of way to the grantor and his assigns, as owners of the back lot.

THIS was an action on the case for obstructing a right of way, claimed by the plaintiffs over a strip of land lying on the westerly side of land of the defendant on Pine Meadow street, in Worcester, and extending from the same to land of the plaintiffs. The obstruction complained of was the maintaining and continuing of a house thereon.

The parties submitted the case upon the following statement of facts: —

On the 9th of March, 1849, the plaintiffs and the defend-

ant were tenants in common of an estate on Pine Meadow street, there measuring from 100 to 130 feet, and extending back from 300 to 400 feet; the plaintiffs, George Bowen and Horatio A. Tower, owning one half, and the defendant, Conner, the other half, undivided. A division was then made, and the defendant conveyed to the plaintiffs, by deed of quitclaim, all his interest in the northerly part of the estate, and the plaintiffs quitclaimed to the defendant the southerly, being the larger portion of the lot, with the following reservation: "Reserving forever a right of way over a street which the said Conner is to make from the north-west corner of said granted lot to Pine Meadow road; said street to be thirty feet in width, adjoining the west line of the said granted lot." At the time of the division a dwelling-house extended over a part of the strip, thirty feet in width, over which the right of way was reserved.

The plaintiffs purchased the northerly part of the land, for the purpose of laying out the same, with other land adjoining thereto, into house-lots, (though this fact was not mentioned in either of the deeds,) and the street over which the right of way was reserved was the only access to the lots so to be laid out. It also appeared, by reference to a plan, which was made a part of the case, that the whole of the lot divided was so surrounded by lands of other proprietors, that there was no access to any highway from the original lot, but upon the Pine Meadow road.

If the court should be of opinion, that the maintenance and continuance of the dwelling-house, from the date of the deed to the date of the writ, upon the strip of thirty feet, was an obstruction of the plaintiffs' right of way, judgment was to be entered for the plaintiffs, with damages fixed at the sum of ten dollars, otherwise the plaintiffs were to be nonsuit.

*B. F. Thomas,* for the plaintiffs.

*P. C. Bacon* and *H. D. Stone,* for the defendant, argued that a right of way could not be created by reservation, according to the English authorities, citing *Doe* v. *Lock,* 2 Ad. & El. 705; *Durham and Sunderland Railway* v. *Walker,* 2 Ad. & El. N. S. 940; *Wickham* v. *Hawker,* 7 M. & W. 63; that this deed from

one tenant in common to another did not convey any right of way ; and that, if it conveyed any right of way at all, it was only a right to use the street when made.

SHAW, C. J. This is an action on the case for a nuisance occasioned by the obstruction of a private way, specially described as appurtenant to the land of the plaintiffs.

The question, and the only question argued, does not appear to be the question submitted to the court. The question reserved on the agreed statement of facts is, whether the building described, standing within the limits of the way claimed, was an obstruction. The only question argued was, whether by force and effect of the deeds referred to, and the rules of law applicable to them, the plaintiffs had the right of way which they claim.

The facts are, that the plaintiffs and the defendant were tenants in common of a small parcel of land in Worcester, bounding on one side, on a public highway called Pine Meadow street, about 100 or 130 feet, and extending back 300 or 400 feet, the plaintiffs owning one moiety and the defendant the other On the 9th of March, 1849, they made partition by deed. The parties did not join in one deed, but each made a deed to the other. These deeds, bearing the same dates, each reciting that the estate released is part of an estate then held by the parties in common, and each reciting the simultaneous conveyance of the other as a consideration, are to be taken as parts of one and the same transaction, and considered together for the purposes of construction. The plaintiffs took the rear part of the lot as their property, to hold in severalty, and the defendant the front part, probably allowing a larger quantity to the rear lot, as a balance to the greater value, by the superficial foot, of the front lot. In the deed of Bowen and Tower to Conner of the front lot, after the recital and granting part of the deed, is the following clause : " Reserving forever a right of way over a street, which said Conner (the grantee) is to make from the north-west corner of said granted lot to said Pine Meadow road ; said street to be thirty feet wide, adjoining the west line of said granted lot." The question is, whether this secured to the plaintiffs a right of way. As to the nature of

that right, if one was well created, considering the circumstances, and construing the deeds together, we think it was a right secured to the plaintiffs and their assigns, as owners of the rear lot, and therefore was a right of way annexed to the estate before owned in common, but then set off in severalty to the plaintiffs.

It is found in the statement of facts, that the rear land was intended to be used for house-lots; but as that fact is not mentioned in either of the deeds, and remained only in intention, we have placed no stress upon it. There is another consideration, however, of some importance; in referring to the plan, which is made a part of the case, we suppose that the entire land divided was surrounded by land owned by other private proprietors, and that there was no access to any highway from the original lot, but upon the Pine Meadow road; if such be the case, it would seem that by established principles, the grantees of the interior lot would have had a way of necessity over the front lot, if there had been no specific reservation. This strengthens the conclusion, that it was the intention of both parties, that such a way should be established.

It was argued, that according to the English authorities, an easement, as a way, could not be created by a mere reservation. We have not thought it necessary to review the English authorities minutely on this subject; we know there is much nicety in the technical distinction between an exception and a reservation. Many of the cases in England have arisen upon the execution of powers of leasing, with certain precise reservations enumerated; and the question is, whether the lease made is within the power, which in all such cases is to be construed strictly. In our own conveyancing, this distinction is not so precisely observed, but a clause of reservation is construed to be an exception, if that will best effect the intent of the parties. And so in the English cases, the term reservation is often construed to be a good exception. But the distinction between an exception and a reservation is often very uncertain. Co. Lit. 47 *a;* Shep. Touch. 80; 4 Cruise, (Greenl. ed.) 271, note 2; *Thompson* v. *Gregory,* 4 Johns. 81. But in a case like this, the right being established by a formal act, to which all the

parties interested were parties and assenting, we consider it immaterial, whether the easement for the way intended to be established is technically considered as founded on an exception, a reservation, or an implied grant.

It seems by the authorities, that, had there been no express reservation in the present case, by necessary implication, the plaintiffs would have had a way as of necessity. But this, by the better authorities, is regarded as a way created by tacit reservation, or exception. *Pomfret* v. *Ricroft*, 1 Wms. Saund. 321, note 6; *Clark* v. *Cogge*, Cro. Jac. 170; *Howton* v. *Frearson*, 8 T. R. 50; Bull. N. P. 74; 3 Kent, (4th ed.) 424; 4 Ib. 468; 2 Cruise, (Greenl. ed.) 28, 29; *Holmes* v. *Goring*, 2 Bing. 76. If a way would be established for the grantor, under such circumstances, on the ground, that the law will presume that the grantor intended to reserve or retain to himself a right of way over the land granted, for the use of the estate retained, *a fortiori* shall the grantor be entitled to that right, when the intent is expressed by the grantor, and the grantee by accepting the deed with such a clause inserted assents to it.

Even if these two deeds were not to be construed together, as an indenture, there is abundant authority to show, that the grantee, by his acceptance of a deed-poll, becomes bound by all the restrictions, limitations, reservations, and exceptions contained in it. *Newell* v. *Hill*, 2 Met. 180.

Upon principle, it appears to us, that this right, plainly intended by both parties to be secured to the plaintiffs, can legally be secured in the manner adopted in this deed, treating the right reserved as an exception. And according to a well-known rule of law, extensively applicable to conveyancing, if a deed cannot operate in one legal mode, to effect the intention of the parties, it shall operate in another to accomplish that purpose, if it can be done without violating any principle of law.

Prior to these deeds, the plaintiffs, as tenants in common, had a right to pass over every part of this land at their pleasure. And each tenant in common had this entire right, although he had not the entire fee. When, therefore, the grantors conveyed the front lot, they restricted themselves from any further right to pass over the whole and every part, and limited themselves

to the strip thirty feet wide, specially described. This was a part of the right previously enjoyed, and this they excepted out of the grant. Had it been reserved by implication, as a way of necessity, which would have been general and undefined, it would have been competent for the parties, by a deed like the present, to limit and define the right to the specific thirty feet, and such an agreement would be binding.

But were the case less clear upon principle, and upon the authorities, the court are of opinion, that the law is settled in Massachusetts, by a series of decisions, that a right of way may be as well created by a reservation or exception, in the deed of the grantor, reserving or retaining to himself and his heirs a right of way, either in gross, or as annexed to lands owned by him, so as to charge the lands granted with such easement and servitude, as by a deed from the owner of the land to be charged, granting such way, either in gross or as appurtenant to other estate of the grantee.

The rule has been rather assumed and taken for granted, than discussed and formally decided; but it has been judicially stated, adopted, and acted upon as settled law, in repeated instances, of which it will be necessary to cite a few only. *White* v. *Crawford*, 10 Mass. 183; *Atkins* v. *Bordman*, 20 Pick. 291; *Atkins* v. *Bordman*, 2 Met. 457; *Newell* v. *Hill*, 2 Met. 180; *Mendell* v. *Delano*, 7 Met. 176. The last case was stronger than the present; a right of way was reserved in a deed-poll, made by a tenant in common, charging the estate conveyed with a servitude, being a right of way, in favor of his separate contiguous estate; and it was held to be an easement annexed to the latter, and binding upon parties and privies claiming under the deed by which the right of way was reserved.

The court are, therefore, of opinion, that the plaintiffs had the right of way alleged to be disturbed by the defendant; and on the facts agreed, judgment must be entered for the defendant, for the amount of damages agreed upon.