LEVI BRIGHAM *vs.* BENJAMIN WEAVER & another.

Under the Rev. Sts. *c.* 74, § 5, and *St.* 1843, *c.* 72, § 2, when a mortgagee of personal property has caused his mortgage to be recorded in the town where the mortgagor resided and had his place of business, it is not necessary, upon the subsequent removal of the mortgagor's residence or place of business to another town, that the mortgage should be recorded again in that other town, in order to make it valid against third persons.

TROVER for the conversion of chattels described in the plaintiff's declaration. At the trial, before *Metcalf*, J., the plaintiff gave in evidence a mortgage of the chattels, made to him by John Strong, on the 14th of April, 1845, and recorded in the

office of the clerk of the town where Strong then resided and principally transacted his business.

The defendants, without calling for proof that they had converted the chattels, admitted that their only defence to the action was, that, after the mortgage was recorded, Strong changed his place of business by removing to another town in this commonwealth, and taking with him the mortgaged chattels; that the plaintiff, although he knew of Strong's removal, did not cause the mortgage to be recorded anew in the town to which Strong removed his business; and that, after such removal, the defendants bought the chattels of Strong, without actual notice of the plaintiff's mortgage. And they proposed to give evidence of these facts.

The judge ruled, that proof of these facts would not furnish a defence, and therefore rejected the evidence. The parties thereupon agreed that the action should be continued, for the purpose of obtaining the opinion of the whole court, and that, if the ruling should be held to be correct, the defendants should be defaulted; otherwise, that the case should stand for trial.

*B. F. Butler*, for the defendants.

*J. G. Abbott* and *I. S. Morse*, for the plaintiff.

This case was argued and decided at a former term.

METCALF, J. At common law, it was not necessary to the validity of a mortgage of personal property, that the mortgagee should have possession of the property, or that the mortgage should be recorded. But by *St.* 1832, *c.* 157, § 1, it was enacted, that no such mortgage, thereafter made, should "be valid against any other person than the parties thereto, unless possession of the mortgaged property be delivered to, and retained by the mortgagee, or unless the said mortgage be recorded in the office of the clerk of the city or town where the mortgagor shall reside *at the time of making the same.*" In the same year, a statute was passed in New Hampshire, in the same words. Under that statute, it has been decided there, that the removal of the mortgagor from the town in which he resided when the mortgage was made, taking with him the mortgaged property, and retaining possession of it, does not

make it necessary that the mortgagee, in order to save his rights under the mortgage, should cause it to be recorded in the town to which the mortgagor removes. *Hoit* v. *Remick*, 11 N. Hamp. 285. And we cannot doubt the soundness of that decision.

When our statutes were revised, the provision in *St.* 1832, *c.* 157, § 1, was incorporated into the statute of frauds, (Rev. Sts. *c.* 74, § 5,) in these words: " No mortgage of personal property, hereafter made, shall be valid against any other person than the parties thereto, unless possession of the mortgaged property be delivered to, and retained by the mortgagee, or unless the mortgage be recorded by the clerk of the town where the mortgagor resides;" omitting the words, " at the time of making the same," which were contained in the previous statute. And in *St.* 1843, *c.* 72, § 2, on which the question in this case arises, it is enacted, that " every mortgage of personal property, whenever the mortgagor shall retain possession thereof, shall be recorded as well by the clerk of the town where the mortgagor resides, as by the clerk of the town in which he principally transacts his business, or follows his trade or calling." This last statute, and Rev. Sts. *c.* 74, § 5, being *in pari materia*, must doubtless be construed alike, as to the place or places of recording mortgages. If the removal of a mortgagor's residence to another town makes it necessary to the mortgagee's safety, that the mortgage shall be recorded in that town, so must the removal of the mortgagor's place of business to another town make it necessary that the mortgage should be recorded there. And if the mortgagor removes his residence to one town and his place of business to another, the mortgage must be recorded anew in both those towns, as often as such removals shall be made. This would be burdensome and hazardous to the mortgagee, as it would subject him (in the language of the court, in *Hoit* v. *Remick*, before cited) " to the inconvenience, if not impracticability, of the constant vigilance and ceaseless watching which would be requisite to guard and secure his interests, if he were obliged to record his mortgage in every town into which the mortgagor might see fit to remove, with the property, to reside; and that too before his

creditor should seize the property by process of law, or the mortgagor should pass the title to it, by way of sale, to some innocent purchaser." Besides; when a mortgagee has once recorded his mortgage, according to law, he has acquired a perfect mortgage title to the property; and he is not bound to do any further act, in order to preserve that title, unless plainly required by law. But we cannot find that he is so required by the statutes last cited. They require him to record his mortgage in the town where the mortgagor resides, and in the town where he transacts his business. One record, in each of those towns, is all that is expressly required, and nothing further is necessarily implied.

The commissioners, who revised our statutes, reported § 5, of *c*. 74, in the very words in which it now stands on the statute book; omitting, as we have seen, the provision, in *St.* 1832, that the mortgage should be recorded in the town "where the mortgagor shall reside at the time of making the same." They assigned no reason, in their notes, for this omission, and we cannot know, with certainty, what reason induced the legislature to sanction the change which was made in the law by that omission. It may have been supposed that a record, in the town where the mortgagor resided when the mortgage was made, would not, in all cases, give the most useful notice to third persons. For instance; it may have been supposed that if a mortgagor, before the mortgage is recorded, should remove into another town, taking the mortgaged property with him, it would be better that the record of the mortgage should be made in the town to which he had removed, than in the town where he resided when it was made. But whatever was the reason of this alteration of the statute of 1832, the alteration itself furnishes, in our judgment, no legal ground for the defence set up by the present defendants.

In the case of *Phipps* v. *Davis*, 4 Law Reporter, 225, we find that the court of common pleas decided, under Rev. Sts. *c*. 74, § 5, that a mortgagee, who had recorded his mortgage in the town where the mortgagor resided, but from which he afterwards removed his residence, need not record it anew in the town to which the mortgagor removed. This, we have no

doubt, was a correct decision; and, as we have before stated, the construction of *St.* 1843, *c.* 72.§ 2. as to the removal of the mortgagor's place of business, must be the same as that of **Rev. Sts.** *c.* 74, as to the removal of his residence.

*Defendants defaulted.*