## SARAH E. SPAULDING *vs.* ISAAC DAY.

If a married woman purchases personal property with her own means or upon her own credit exclusively, and takes the conveyance to herself, for her own use, the property becomes her separate property, and is not liable for her husband's debts; although in making the conveyance there is no express statement, in writing or otherwise, that it is to be held as her separate property.

TORT for the conversion of four cords of wood, seized by the defendant, who was a constable, on an execution against the plaintiff's husband, Charles H. Spaulding.

At the trial in the superior court, before *Ames,* J., it appeared that the plaintiff and her husband were married as early as 1850 and have lived together ever since ; and that after the death of her father in 1861 she became the sole owner of the homestead

on which she and her husband lived. The plaintiff testified that in December 1863, upon her request, Peter Prescott brought to her house seven cords of wood, the agreed price of which was thirty-six dollars, of which she paid eleven dollars in money, which was a part of a larger sum which she had borrowed of her mother-in-law, and gave her note for the residue, which was yet unpaid; and that when the defendant came to take the wood she told him it was hers, and forbade him to remove it. No attempt was made to show that the plaintiff had any trade or business separate from her husband, or that she furnished at her own expense or on her own credit any other provisions or supplies for the family.

Upon the above evidence, the judge ruled that the plaintiff was not entitled to recover, and directed a verdict for the defendant. The plaintiff alleged exceptions.

*J. C. Kimball,* for the plaintiff.

*T. Wentworth,* for the defendant, cited *Woodcock* v. *Reed,* 5 Allen, 207; *Commonwealth* v. *Williams,* 7 Gray, 337; *Commonwealth* v. *Davis,* 9 Cush. 283.

HOAR, J. By Gen. Sts. *c.* 108, § 1, it is provided that " the property both real and personal which any married woman now owns as her sole and separate property, that which comes to her by descent, devise, bequest, gift or grant, that which she acquires by her trade, business, labor or services," &c., " shall, notwithstanding her marriage, be and remain her sole and separate property, and may be used, collected and invested by her in her own name, and shall not be subject to the interference or control of her husband, or liable for his debts."

The wood which is the subject of this suit was purchased by the plaintiff, and paid for by her in part with money which she borrowed from her mother-in-law, and with her own promissory note for the remainder. The defendant attached it as the property of the plaintiff's husband. When she bought the wood, she was living with her husband upon a homestead which was her own sole and separate property, acquired partly by descent from her _ather in 1861, and partly by purchase in the same year with money which came to her in like manner.

The wood is " personal property," and it came to the plaintiff by "grant." "Gifts or grants," says Blackstone, "which are a method of transferring personal property, are thus to be distinguished from each other, that gifts are always gratuitous; grants are upon some consideration or equivalent." "Grants or gifts of chattels personal are the act of transferring the right and possession of them, whereby one man renounces, and another man immediately acquires, all title and interest therein." 2 Bl. Com. 440, 441. The husband did not interfere with or direct the purchase of the wood, nor did he contribute anything to the consideration paid. The word "grant" was added in the General Statutes to the enumeration of the methods by which a married woman might acquire property to her separate use, given by the statute of 1857. In *Stewart* v. *Jenkins*, 6 Allen, 300, this court decided that a promissory note given by a married woman in payment for land conveyed to her, to her sole and separate use, is valid and binding upon her, under Gen. Sts. *c.* 108, § 3, which authorize her to enter into any contracts in reference to her separate real and personal property. In *Chapman* v. *Foster*, 6 Allen, 136, it was held that a married woman is liable upon a promissory note given by her for money borrowed to pay for land, upon which she carries on the business of farming, and for which she holds a bond for a deed to her sole and separate use. In *Stewart* v. *Jenkins* the general policy and purposes of the statutes, which have changed materially the rights of married women at the common law in respect to acquiring and holding property, are so fully considered and stated that it is not necessary to restate them.

We are of opinion that if a married woman purchases property with her own means or upon her own credit exclusively, and takes the conveyance to herself, for her own use, the property so purchased becomes her separate property, and is not liable for her husband's debts. However it may be in a conveyance of real estate, which is made by deed, and where the purpose that the grantee shall take the estate conveyed to her separate use can be distinctly expressed, if it is intended, the conveyance of personal property to a married woman does not

require an express statement that it is to be held as her separate estate. It may be made without writing, perhaps even without uttered words. It is therefore a question of fact, from whom the consideration proceeds, and whether the purchase is actually meant as a purchase on her own behalf exclusively. And we think the facts reported in the bill of exceptions had such a tendency to establish such an acquisition of the wood by the plaintiff that they should have been submitted to the jury, and did not justify the direction of a verdict for the defendant given by the court. *Exceptions sustained.*

After the foregoing decision, a new trial was had in the superior court, before *Ames,* J., at which it appeared affirmatively that the plaintiff had no separate trade or business and no income from any source, and that the provisions and supplies for the family were furnished by her husband. She owned, in addition to the homestead, an undivided interest, worth about twenty-five dollars, in a lot of land, and there was no evidence that she had any other separate property. She testified that in February 1864 she borrowed of her mother-in-law two hundred dollars, for which she gave a note signed by herself and her husband, secured by a mortgage upon the house, which was executed by herself and him; and he afterwards paid the interest on the note. The wood in controversy was purchased for fuel to be used in the family. The other facts were the same as at the former trial. The defendant contended that the plaintiff had no legal capacity to contract for the purchase of the wood, and that it was not sold to her for her separate or exclusive use, in such a sense as to become her property; and asked the court to rule that as a matter of law she was not entitled to recover. But the judge refused so to rule, and submitted it to the jury to determine whether she purchased the wood with her own funds and on her own credit, and whether it belonged to her at the time of the attachment by the defendant.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions, which were argued at January term 1866.

*L. E. Shepard,* for the defendant.

*J. C. Kimball,* for the plaintiff.

HOAR, J.   The ruling of the court to which exceptions are taken were precisely in conformity with the decision under which the case was sent to a new trial; and the question sub-mitted to the jury was precisely that which this court had said should be submitted to them.   The only material particular in which the evidence now reported differs from that upon which our former decision was made is, that it now appears that when she borrowed the money of her mother-in-law she gave a note signed by herself and her husband, and that he afterward paid the interest on the note.   But if she borrowed the money on her own account and for her own separate use, it would make no difference that her husband also gave the security of his name, or that he has executed in part the contract into which he en-tered.   *Parker* v. *Kane,* 4 Allen, 346.   *Bartlett* v. *Bartlett,* Ib. 440.   *Basford* v. *Pearson,* 7 Allen, 504.   Whether she did so was left as a question of fact to the jury, and is settled by the verdict.                                        *Exceptions overruled.*