### James M. Comins *vs.* Stephen G. Newton.

A rifle having a skeleton stock, at the time when a mortgage thereof was executed, is not so substantially changed by having a new wooden stock and a new and different kind of lock substituted for the original ones, by way of repairs, as to authorize an attaching creditor of the mortgagor to hold the same against the mortgagee, provided it is capable of being identified by parol evidence.

Tort for the conversion of a rifle.

At the trial in the superior court, before *Wilkinson,* J., it appeared that the plaintiff claimed title under a mortgage from Shubael Davis to him of a skeleton stock rifle; and the defendant, who was a deputy sheriff, claimed under an attachment upon a writ against Davis. The rifle described in the mortgage " was in the form of a pistol stock, with a metallic skeleton stock, and an under action lock," and, the lock being broken and in need of repairs, the mortgagor took it to a gunsmith and caused a wooden stock to be substituted for the other, and an over action lock to be put on the upper side instead of the under action lock. This was done with the plaintiff's knowledge. There was evidence tending to show that most of the parts of the rifle, except the barrel, were changed, and that the cost of the repairs was more than double the cost of a barrel of such external appearance.

The defendant asked the court to instruct the jury that if the article was so changed by new and material acquisitions of property not held by the mortgagor at the time of making the mortgage, and with knowledge of the mortgagee, as to render it incapable of identification by the written recital, the mortgage was void against an attaching creditor, and, if the changes which were made comprised a majority of its component parts and of its value, it should not be held under the mortgage. The judge declined so to rule, and instructed the jury that if the rifle was broken by accident and needed repairs, and the changes were in the nature of repairs, and were made in good faith, the plaintiff would be entitled to hold it under his mortgage, although it could no longer be called a skeleton stock rifle, provided the

changes thus made did not so far destroy its identity as to make it substantially incapable of identification by parol evidence.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. G. Allen*, for the defendant.

*M. P. Knowlton*, for the plaintiff.

BIGELOW, C. J. It is perfectly well settled that it is not necessary to the validity of a mortgage of a chattel that it should be so described as to be capable of being identified by the written recital, or by the name used to designate it in the mortgage. Parol evidence is admissible to show that a particular article of property was included within the general words of a description. *Harding* v. *Coburn*, 12 Met. 333.

The right of property in the mortgagee was not devested by the repairs and changes made upon the pistol in the hands of the mortgagor. The weapon was capable of identification as the one originally included in the mortgage; and, the repairs having been made in good faith, and not having changed the nature of the article or materially increased its value, there is no ground for holding that the plaintiff's lien upon it was defeated. *Putnam* v. *Cushing*, 10 Gray, 334. *Crosby* v. *Baker*, 6 Allen, 298. *Exceptions overruled.*