Henry Frecking Appellant, *v.* Rebecca Rolland, impleaded, etc., Respondent.

The power given to a married woman to carry on a trade or business on her separate account by the statute "concerning the rights and liabilities of married women" (chap. 90, Laws of 1860) includes the power to borrow money and to purchase upon credit property, real or personal, necessary or convenient for the purpose of commencing, as well as the power to contract debts in the prosecution of the trade or business after it has been established.

In an action upon contract against a married woman, a general complaint as against a *feme sole* is proper. If the contract is not one she is authorized to make, the objection should be taken by answer.

In an action upon a joint promissory note given by a husband and wife, plaintiff's evidence tended to show that the wife contracted to purchase a vinegar factory, with the intent of engaging in the business of manufacturing vinegar, Plaintiff acted as her agent in making the purchase,

Statement of case.

and at the solicitation of the husband (acting *for himself and wife*) loaned them money to be applied and which was applied in completing the purchase. The property was conveyed to the wife, who commenced the business as contemplated. The note was given for the money loaned and for plaintiff's services. The court directed a verdict for the wife. *Held,* error; that the evidence tended to establish her liability, and should have been submitted to the jury.

(Argued June 12, 1873; decided September 23, 1873.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of defendant Rebecca Rolland, entered upon a verdict.

This action was brought upon a joint promissory note of $1,000, signed by the defendants, who were husband and wife. The facts are sufficiently stated in the opinion. The court directed a verdict in favor of the wife, and the jury rendered a verdict accordingly, finding for the amount of the note against the husband.

*D. M. Porter* for the appellant. The case should have been submitted to the jury. (*Smith* v. *Tiffany,* 36 Barb., 23; *Stone* v. *Flower,* 47 N. Y., 566; *Sheldon* v. *At. F. Ins. Co.,* 26 id., 460.) The loan by Rebecca Rolland related to separate property already purchased by her, and she was liable therefor. (*Sigel* v. *Johns,* 58 Barb., 620; *Corn Ex. Ins. Co.* v. *Babcock,* 42 N. Y., 613; appendix S. C., 9 Abb. [N. S.], 156; Laws 1862, 344, § 7.) In an action against a married woman on a contract relating to her separate property, the complaint and judgment may be general. (*Sigel* v. *Johns,* 58 Barb., 620; *Corn Ex. Ins. Co.* v. *Babcock,* 42 N. Y., 613; *Ballin* v. *Dillaye,* 37 id., 35; *Ainslie* v. *Mead,* 3 Lans., 116; *Nat. Bk. of Canandaigua* v. *Garlinghouse,* 36 How., 369.)

*L. C. Waehner* for the respondent. The defendant being a married woman, was not liable for the note in suit. (*Yale* v. *Dederer,* 22 N. Y., 450; *Corn Ex. Bk.* v. *Babcock,* 42 N. Y., 632; *Manchester* v. *Saple,* 47 Barb., 155; Laws 1860, chap. 90, §§ 2, 7.) The complaint is not proper to charge

the property of the defendant Rebecca with the payment of the note. (*Corn Ex. Bk.* v. *Babcock*, 42 N. Y., 632; *Owen* v. *Cawley*, 36 id., 600; *Draper* v. *Stouvenal*, 35 id., 507; 2 Hill, 477; *Watkins* v. *Abraham*, 24 N. Y., 72; *Baldwin* v. *Kimmel*, 1 Robt., 109; *Dickerman* v. *Abraham*, 21 Barb., 551.)

ANDREWS, J. If the defendant signed the note as surety for her husband merely, as the evidence on her part tended to show, the judgment is clearly right. (*Yale* v. *Dederer*, 18 N. Y., 265; 22 id., 450.) But in determining whether the court was justified in directing a verdict for the defendant any evidence tending to establish her liability for the debt is to be considered, and if the jury would have been authorized, if the case had been submitted to them, to have found a verdict against her, the direction was erroneous. It was not necessary that the plaintiff should have requested the court to submit the case to the jury in order to give him the benefit of his exception. (*Stone* v. *Flower*, 47 N. Y., 566.)

The case, as the evidence would have warranted the jury in finding, if they had credited the testimony on the part of the plaintiff, was this: The defendant, a married woman, owning and holding at the time real estate to her sole and separate use, made a contract November 14, 1870, to purchase a vinegar factory in the city of New York, at the price of $2,500, with a view of entering upon and conducting the business of manufacturing vinegar. The purchase was completed by the payment of the purchase-price and the transfer of the property purchased to the defendant November 27, 1870, and on that day she commenced the business. The plaintiff acted as her agent in negotiating the purchase, and November 17, 1870, after the contract of purchase had been made, he, upon the solicitation of the husband of the defendant (acting for himself and as the agent of his wife), loaned to them $950, to be applied, and which was applied, in part payment for the factory. The note upon which this action is brought was given for the money loaned, and for services

rendered by the plaintiff in negotiating the purchase, and for the loss of interest on money withdrawn by him from the savings bank to make the loan. It does not distinctly appear whether the property purchased was real or personal. There seems to have been a ·chattel mortgage on it, which was paid out of the purchase-money.

The statute of March 2, 1860, "concerning the rights and liabilities of married women," provides that a married woman may carry on any trade or business and perform any labor or services on her sole and separate account, and that the earnings therefrom shall be her sole and separate property. The power of a married woman to make contracts relating to her separate business is incident to the power to conduct it. It cannot be supposed that the legislature, while conferring the power upon a married woman to enter into trade or business on her own account, intended that her common-law disability to bind herself by contract should continue as to contracts made in carrying on the business in which she was permitted to engage. The power to engage in business would be a barren and useless one disconnected with the right to conduct it in the way and by the means usually employed.

By the eighth section of the act of 1860, as amended in 1862, the authority of a married woman to bind herself by executory contracts in relation to her separate business is recognized in the provision which exempts the husband from liability thereon. The power to carry on a separate trade or business includes the power to borrow money, and to purchase, upon credit, implements, fixtures and real or personal estate necessary or convenient for the purpose of commencing it, as well as the power to contract debts in its prosecution after it has been established. (*Chapman* v. *Foster*, 6 Allen, 136.) The case should have been submitted to the jury. There was evidence tending to establish the liability of the defendant, and no question was made upon the pleadings.

It is now too late for the defendant to object that the facts showing that the contract was one by which she was bound should have been specially averred in the complaint. But

we are of opinion that a general complaint in an action upon a contract of a married woman is proper. The law makes her liable as a *feme sole*, if the contract was made in her separate business or in relation to her separate estate. If the contract sued upon is one she is not authorized to make, the objection should be taken by answer and raised upon the trial.

The judgment should be reversed, and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.