SAMUEL H. L. PIERCE *vs.* MARY A. KITTREDGE.

Suffolk.   March 12. — June 27, 1874.   COLT & ENDICOTT, JJ., absent.

An oral acceptance of a bill of exchange is binding upon the acceptor.

A contract to build a house on the land of a married woman, although signed by her husband as well as herself, is a contract in reference to her separate property within the Gen. Sts. *c.* 108, § 3 ; and her liability under the contract is a good considera- tion for her acceptance of an order drawn by the contractor for building the house, upon her jointly with her husband, in favor of a third person, to whom the con- tractor was indebted.

CONTRACT to recover on an alleged verbal acceptance by the defendant of an order drawn upon her and her husband.

At the trial in the Superior Court, before *Devens,* J., a verdict was ordered for the defendant, and a bill of exceptions in sub- stance as follows was allowed :

It appeared in evidence that prior to the date of the order, the drawers thereof, McGinley & Sherman, had entered into a writ- ten agreement to find the materials and build a dwelling-house on land belonging to the defendant.   The agreement was signed both by the defendant and her husband.   The dwelling-house was built in pursuance of the contract, and was fully paid for as agreed, the defendant making the payment in person.   McGinley & Sherman bought lumber of the plaintiff to the amount of the order, which went into the defendant's house, and for which they owed the plaintiff at the time the order was given ; and the de- fendant owed McGinley & Sherman at the date of the order and time of its alleged acceptance more than the amount of the order ; and more than the amount of the order was afterwards paid by the defendant to Sherman on a final settlement for the house.

After the evidence of the plaintiff was in, the court ruled that " If the husband and wife made a joint written contract with Sherman & McGinley to do work on the premises of the wife in building a house thereon, and Sherman & McGinley drew an order on the husband and wife in favor of the plaintiff, who had furnished materials for said house, and the plaintiff presented the same to the husband and wife, and the wife in her husband's presence said that the same should be paid, such evidence is not sufficient to sustain the action against the wife, even if she after- wards said to Pierce and others that the order was all right and

should be paid." The plaintiff alleged exceptions to the above ruling.

*B. E. Perry & S. W. Creech, Jr.*, for the plaintiff.

*C. H. Fleming*, for the defendant. The case finds that the consideration of the order was a contract which the plaintiff made with McGinley & Sherman, and not by virtue of any contract with the defendant, and, as the owner of separate real estate, the defendant made no express agreement to make the debt a charge upon it. The defendant was a mere surety, and accepted the order for the accommodation of another, without consideration received by her, as she owed the plaintiff nothing, not having contracted with him; and the accepting of the order was no benefit to the defendant's separate estate; and, therefore, the promise cannot be held to be a contract, in reference to her separate property. *Athol Machine Co.* v. *Fuller*, 107 Mass. 437. *Willard* v. *Eastham*, 15 Gray, 328.

AMES, J. It is fully settled by a long course of decisions that, except where otherwise provided by statute, an oral acceptance of a bill of exchange will bind the acceptor. *Lumley* v. *Palmer*, 2 Stra. 1000. *Powell* v. *Monnier*, 1 Atk. 611. *Clarke* v. *Cock*, 4 East, 57. *Fisher* v. *Beckwith*, 19 Vt. 31. *Barnet* v. *Smith*, 10 Fost. 256. *Ward* v. *Allen*, 2 Met. 53. *Exchange Bank* v. *Rice*, 98 Mass. 288. 3 Kent Com. (12th ed.) 83–6, and cases cited. In some of these decisions the courts express their regret that such a rule should have been established, but they all agree that it is too late to change it.

The defendant, although she was a married woman, had the same right under our statute (with certain limitations which do not affect this case) to enter into any contracts in reference to her separate property or business, as if she were unmarried. Gen. Sts. c. 108, § 3. She may not only incur obligations with regard to property which she already owns, but may bind herself by agreement for the acquisition of property to her separate use. *Ames* v. *Foster*, 3 Allen, 541. *Chapman* v. *Foster*, 6 Allen, 136. She may be the highest bidder at an auction sale of real estate, and bind herself to complete the purchase. *Faucett* v. *Currier*, 109 Mass. 79; *S. C. ante*, 20. Her note given in consideration of real estate conveyed to her separate use is binding upon her. *Stewart* v. *Jenkins*, 6 Allen, 300. If she should think fit to in-

crease the value and productiveness of her land, by building upon it, she would have a right to do so, and would be bound by any contract she might make for labor or materials for that purpose. *Stewart* v. *Jenkins*, *supra*. The fact that her husband joined her in the contract would not enlarge his interest in the estate, or give him any new right in it. It would merely make him responsible with her for the payments that should become due, but the house would still be her house, built for her, on her land; and the contractor who had undertaken to build it would be employed in her business. *Parker* v. *Kane*, 4 Allen, 346. *Morse* v. *Mason*, 103 Mass. 560.

The proper implication from the statute is that as to her separate property and business she is virtually a feme sole, and may do whatever she could have done if she were unmarried. *Basford* v. *Pearson*, 7 Allen, 504. The general power to contract, conferred by the statute, includes the power to make all sub-contracts and incidental arrangements in reference to the general purpose. If she may pay her workmen by promissory notes, it is difficult to see why she may not pay them by accepting their drafts for lumber and materials. In so doing, she would contract " in reference to her separate property or business," within the meaning of the statute.

As to the objection founded upon the alleged want of consideration, her acceptance of the draft was not so much a promise to pay a preëxisting debt of the contractors, as to pay her own debt to them by providing for their debt to the plaintiff. We must assume that the plaintiff relied upon her acceptance, and forbore to seek other remedies against the contractors, which of itself would constitute a sufficient consideration. *Coolidge* v. *Payson*, 2 Wheat. 66. But independently of this view of the case, if the order were given by the contractors, for a debt due from them, and the defendant accepted it at their request and for their accommodation, she would be bound by the acceptance, and could not object to it for want of consideration. *Walker* v. *Sherman*, 11 Met. 170. *In re Babcock*, 3 Story, 393. *Grant* v. *Ellicott*, 7 Wend. 227,

We must hold therefore that the draft was duly accepted, and that the defendant is bound by it, as a contract in reference to her separate property and business. *Exceptions sustained.*