KELTY v. LONG, appellant.

*Married women — liability of separate estate — Pleading.*

Defendant, a married woman, called at plaintiff's store to look at furniture for a house, which she said she contemplated buying. Her husband bought the house and had the title conveyed to her. She called again at plaintiff's and stated that she had bought the house, and desired the furniture for the purpose of furnishing it. Relying on this statement, plaintiff sold and delivered the furniture to defendant. *Held,* that the furniture was sold and delivered on the credit of defendant's separate estate; also, that defendant was liable in an action for the value of the furniture, although the complaint did not aver that she was a married woman.

Under the statute allowing a married woman to sue and be sued in the same manner as if she were sole, it is sufficient if the complaint in an action against her sets forth a cause of action and contains the averments required to render it sufficient in an action at law.

APPEAL by the defendant from a judgment in favor of the plaintiff, entered on the report of a referee. The action was brought by Gibbons L. Kelty and others against Sarah A. Long to recover the value of furniture sold and delivered by plaintiffs to defendant. The complaint did not aver that defendant was a married woman, but stated that the firm of Kelty & Co. "sold and delivered to the defendant, then doing business in said city" (New York) "on her sole and separate account, and at her request," the goods and merchandise, the value of which is sued for. The defendant answered that she was a married woman, and that the cause of action set forth in the complaint did not concern her separate property. Plaintiffs did not reply. The case was referred, and the referee reported in favor of plaintiffs, and judgment was ordered for the sum of $1,922.08, with costs. The remaining facts appear in the opinion. The defendant appealed.

*Orlando L. Stewart,* for appellant. Defendant was engaged in no business on her own account. *Robinson* v. *Rivers,* 9 Abb. N. S. 144 ; *Kelso* v. *Tabor,* 52 Barb. 125 ; *De Mott* v. *McMullen,* 1 Sweeney, 686 ; *White* v. *Story,* 43 Barb. 124 ; *Schmitt* v. *Costa,* 3 Abb. N. S. 188 ; *Manchester* v. *Sahler,* 47 Barb. 155 ; *Knapp* v. *Smith,* 27 N. Y. 277. Defendant did not expressly charge her separate estate. *Yale* v. *Dederer,* 22 N. Y. 450 ; *Corn Exchange Ins. Co.* v. *Babcock,* 42 id. 613.

*Alexander Ostrander* and *William H. Arnoux*, for respondent, cited *Vanderheyden* v. *Mallory*, 1 N. Y. 452, 462 ; *Barnett* v. *Lichtenstein*, 39 Barb. 194; *Southwick* v. *Southwick*, 9 Abb. N. S. 109; S. C., 49 N. Y. 510.

DANIELS, J.   The statute of this State allowing a married woman to sue and be sued in the same manner as if she were sole, necessarily authorizes a complaint against her which simply sets forth a cause of action, containing the averments required to render it sufficient in an action at law.   *Frecking* v. *Rolland*, 53 N. Y. 422; Laws 1862, chap. 172, § 7.

The consequence of this authority to sue, where the course provided by the statute is adopted, as distinguishable from the averments required to constitute the statement of a cause of action in equity against a married woman, is that the defense of coverture made by way of answer may be controverted or avoided by evidence, under section 168 of the Code, without alleging the facts proposed to be proven for that purpose in the pleadings.   A reply may be required or allowed upon special motion for that purpose, containing a statement of such facts, under section 153 of the Code.   But where that course is not pursued, the allegations in the answer, of new matter not relating to a counter-claim, are to be deemed controverted by the adverse party as upon a direct denial or avoidance, as the case may require, without any reply being served in the case (§ 168); and under this practice the plaintiffs had the right to show, in answer to the defense, that the defendant was a married woman, and the fact that the furniture, the price of which was claimed in the action, was sold to her upon the credit of her separate estate, if they had the evidence which would successfully establish that fact.

For that purpose it was proven that on the 9th of November, 1870, she received the title to a house and lot upon Lexington avenue, in the city of New York, and that the same was afterward occupied by herself and her husband as their residence.   It may fairly be regarded as proven by the evidence that this property was purchased for her by her husband, and conveyed to her by his direction in pursuance of the design of the purchase.   It was accordingly a gift from him to her.   And that, as the law stood at the time, and has since remained, was perfectly legal and proper, as long as no creditors appeared to question the validity of the transaction.

Such an acquisition of title was sufficient to render the premises

conveyed the separate estate of the wife. For, since the enactment of the statutes protecting married women in their title, use and enjoyment of real and personal property, what was formerly distinguished in equity as the separate estate of a married woman has become very broadly extended and enlarged. It is no longer limited to property held in trust for her, over which she has a mere power of appointment or disposition; but it now, by the terms of the statute, includes all the real and personal property which may be held in trust for her, subject to her power to charge or dispose of it; that which she may own at the time of her marriage, and that also which she may acquire during its continuance. All such property is now, in general terms, designated, described and secured to her as her sole and separate property (Laws 1848, ch. 200; 1849, ch. 375; 1853, ch. 576; 1858, ch. 187; 1860, ch. 90; 1862, ch. 172), and it is all chargeable with the payment of the debts which she has the power of contracting.

The evidence given by the plaintiffs' salesman was direct and positive that the furniture, for the recovery of the price of which this action was brought, was selected and purchased by the defendant herself, and that by her authority, expressly given in answer to an inquiry propounded by him, it was charged to her and not to her husband. Her evidence — not, however, given in very positive terms — was in conflict with the statements of the salesman upon this subject. And as that was all which the case contained relating to it, the question as to who was correct was simply one of fact for the consideration and decision of the referee. He adopted the relation given by the salesman as correct, and, on this state of the evidence, this court has no means by which it can possibly arrive at any different conclusion.

According to the evidence given by the salesman, the defendant first called to look at the furniture when she was negotiating for the house and before it had been purchased, and represented that she contemplated making the purchase of the furniture for the purpose of furnishing the house in case she bought it. At a subsequent time he says that she called again and then represented that she had bought the house, and desired the furniture for the purpose of furnishing it. And he in substance testified that it was sold to and purchased by her, in order to furnish the house, which had then been conveyed to her, upon Lexington avenue. She did not deny the object for which the furniture was bought, and

admitted its delivery at the house, but in substance denied making the purchase herself, and claimed that in making it she merely acted on behalf of her husband, who was to furnish the house for her. That agency, however, does not appear to have been communicated to the plaintiffs, or any person acting for them. But the evidence was of such a nature as to warrant the referee in concluding as he did, that the sale was made to her upon the faith of her representation that she owned the house and was herself buying the furniture to furnish it. These facts must accordingly be regarded as established by the evidence given upon the trial for. the purpose of disposing of the present appeal, and as the house was acquired by her for the residence of herself and her husband, and was useless for that purpose unfurnished, the debt contracted for the price of the furniture was created for the improvement of the defendant's separate property. It cannot be necessary that the debt should be incurred for something afterward becoming a portion of the property itself to give it that character. But a debt incurred for whatever may be requisite to render the wife's property the subject of profitable use or convenient enjoyment must be sufficient for that purpose. For that gives her the substantial benefit and advantage of the property owned by her which she would not have without it.

The fact that she was expected to pay cash for the furniture when the property was delivered, did not change the nature of the transaction as to its effect upon her separate estate. For the fact still remains, under the conclusions of the referee, that the furniture was sold and delivered on the credit of the defendant's separate estate, and to render it the subject of convenient enjoyment and profitable use by her. And that was sufficient to render her liable in this action.

According to the view which the referee took, and was justified in taking, of the evidence, the judgment was right, and it should be affirmed, with costs.

DAVIS, P. J., and BRADY, J., concurred.

*Judgment affirmed.*