CATHERINE PORTER *v.* HALEY & STONE.

MARRIED WOMAN.   *Contract to pay attorney's fees.*
  Our statutes do not give express authority to a married woman to employ an attorney or solicitor, but she may, as incidental to, or necessary to the exercise of, the powers expressly conferred upon her, employ an attorney or solicitor to represent her interests in any action or suit in reference to, or affecting, her separate property, and may bind her estate to pay his fee for services rendered in such a case.

ERROR to the Circuit Court of Copiah County.
. Hon. S. S. CALHOON, Judge.

The defendants in error recovered a judgment against the plaintiff in error for $100, on account of services as solicitors in defending her real estate in a suit in chancery, she being a married woman at the time she employed them to perform the

services. To that judgment Mrs. Porter sued out a writ of error.

*J. A. Brown,* for the plaintiff in error.

A married woman can charge her separate estate, held under the statute, only in the manner and for the purposes specified in the statute. The limitations in the married woman's law are the conditions on which the estate vests. *Bank* v. *Williams,* 46 Miss. 618; *Choppin* v. *Harmon,* 46 Miss. 304. The power to charge an attorney's fee on her separate property is not given in the act, nor can it be implied from any power or powers conferred thereby — not from the power to sue, because the same law in express terms enables her to give cost bonds, showing the legislative intent that nothing was to be drawn by implication from that power *(Putnam* v. *Tennyson,* 50 Ind. 457, 461); not from the power to contract for labor for her separate estate, because that refers to manual labor, and if extended to embrace an attorney's fee, would include every contract relating to her property which can be conceived; not from any nor all of the other powers given her, because if each of the classes of contracts enumerated in section 1780, Code of 1871, is extended by implication, they will together embrace all contracts, and, destroying the law, render a married woman a *feme sole* as to her property. If that had been the legislative intent, it could have been expressed in five words, instead of many elaborate enactments. It is everywhere held, in furtherance of the policy which shields the wife, that these enabling statutes, in derogation of the common law, as to the contracts which she can make, must be strictly construed. *Edwards* v. *Stevens,* 3 Allen, 315; *Brookings* v. *White,* 49 Me. 481; *Eckhart* v. *Reuter,* 33 N. J. 268; *Perkins* v. *Perkins,* 62 Barb. 531; *Davis.* v. *Burnham,* 27 Vt. 567; *Snyder* v. *Webb,* 3 Cal. 87; *Drais* v. *Hogan,* 50 Cal. 128; *Whipple* v. *Giles,* 55 N. H. 139; *Hardin* v. *Pelan,* 41 Miss. 114. And in *Wilson* v. *Barr,* 25 Wend. 388, it is decided that the statute enabling the wife to sue does not authorize her to contract the debt for the attorney's fee.

*H. B. Mayes,* for the defendants in error.

"Any contract made by a married woman, "for work and labor done for the use and benefit or improvement of her separate estate, shall be binding on her." Code 1871, p. 376, sec. 1780.

"Any married woman may, either jointly with her husband or separately, execute any bond which may be necessary in any proceedings, either in law or in equity, to establish or enforce her right to property, or the profits thereof, and the same shall be binding upon her separate estate." Rev. Code 1871, p. 377, sec. 1781.

"If the husband will not join her, the wife may sue alone for the recovery of any of her property or rights; and she may be sued jointly with her husband on all contracts, or other matters, for which her individual property is liable. In suits against husband and wife, if summons for the husband be returned 'not found,' the suit may be prosecuted against the wife alone." Rev. Code 1871, sec. 1783, p. 377.

These statute provisions are enacted to enable a married woman to obtain, possess, manage, and improve her separate estate at will. They open to her the courts of law, that she may prosecute or defend rights and interests in her separate estate (if her husband refuse to join her), as a *feme sole* may do. These rights, and this access to courts, are of little or doubtful benefit to a married woman if the services of counsel to aid in the enforcement of her right to benefit and improve, and to secure to her the use and enjoyment of her separate estate and its proceeds, may not be secured by contract binding on her separate property, as she may procure the services of any other agent to collect, protect, manage, and improve the same property.

SIMRALL, C. J., delivered the opinion of the court.

Haley & Stone rendered the services as solicitors, in the defense of a suit in chancery, brought against Mrs. Porter and her husband, involving her right to real estate claimed by her as separate property.

So that the question, in the abstract, is whether a married woman (who owns separate estate, as is agreed) can contract to pay a solicitor compensation for the defense of a suit brought to affect her rights to separate real estate.

There can be no doubt that if property is settled to her separate use, so as to constitute her the beneficial owner of an equitable estate, she could charge that estate with such liability, enforceable against it in a court of equity.

But it is argued that the property attempted to be subjected in this suit was a statutory, legal estate, and that the power of Mrs. Porter over it, and her capacity to bind it, was governed altogether by the statute — that we must look alone to it for her authority to make the contract. The premise is undoubtedly correct.

The statute, section 1778 of the Code of 1871, continues to a woman, after marriage, every species and description of property owned at the time of the marriage, as her separate estate. So, also, acquisitions after marriage, including the fruits of her personal service. And money recovered for damages to her person shall constitute personal estate.

By section 1779, the rents, issues, and income of the separate estate shall accrue and inure to the wife, and shall not be taken for the husband's debts. Section 1780 allows the wife to rent her land, make contracts for the use thereof, loan her money, take securities therefor in her own name, and employ it in trade or business.

It would be vain and nugatory to confer these large property interests and rights on married women, and deny them free access to the courts for their assertion and defense.

If a wife may take to herself damages recovered for a personal injury, the law does not intend that her property may be despoiled, and no compensation enforced against the wrong-doer.

If she is disseized of her lands, may she not employ the usual and necessary aids allowed other land-owners to regain possession, and recover damages equivalent to the rents and profits of which she has been deprived?

It is admitted that express authority is not given by statute to employ counsel and engage to pay fees, but she may sue, alone or jointly with her husband, " for the recovery of her property or rights ; " and she may be sued " on all contracts, or other matters, for which her individual property is liable." Code 1871, sec. 1783.

She may · execute a bond necessary in any proceeding, either at law or in equity, to establish or enforce her rights, and the same shall be binding, etc. Code 1871, sec. 1781. She may contract for work and labor for the use and benefit or improvement of her separate estate. Code 1871, sec. 1780.

This legislation implies that the courts shall be open to the wife to sue both for the recovery of her property or " rights." The principal power carries with it all incidents necessary to its efficiency. So, she may be sued on her contracts, and other matters ; the power to *defend* a suit is necessarily implied. It would be folly to say that she could not consult and employ counsel, if that were usual, proper, and necessary.

Since she may be impleaded in the courts in matters affecting her separate estate, she must be esteemed competent to avail of all the aids and facilities open to suitors generally. If she may loan her money and take securities therefor, without further provision of law, she could sue on the note or bond, or foreclose the mortgage, and could engage an attorney, and contract to pay for that service.

By express statute, she may make any bond incident to judicial proceedings.

It was held in New York, in *Freeking* v. *Bolland*, 53 N. Y. 422–425, that under a statute allowing a married woman to carry on any trade or business, etc., the power to make contracts relating to her business was incidental to her power of conducting it. *Adams* v. *Honness*, 12 Barb. 326 ; *Chapman* v. *Foster*, 6 Allen, 136.

We have been referred, by counsel for the appellant, to several cases supposed to sustain his view. *Putnam* v. *Tennyson*, 50 Ind. 459, illustrates the class. There, the effort was

to hold the wife bound for attorney's fees to prosecute a suit for divorce. Such a contract fell under the common-law rule, and was not affected by the statute. It had no relation to the separate estate or property interests of the wife.

Judgment affirmed.

