## SONNEMANN *v.* LOEB.

HUSBAND AND WIFE; PROMISSORY NOTES.

1. Where a married woman purchases real estate and gives as part payment of the purchase money the promissory notes of herself and husband secured by deed of trust upon the property, the notes have relation to her sole and separate estate within the meaning of R. S. D. C., Sec. 727, and a suit is maintainable thereon against her under R. S. D. C., Sec. 728, giving a married woman power to contract, sue, and be sued in her own name in all matters having relation to her sole and separate property, as if unmarried.
2. Whether a distinction between the executed and executory contracts of a married woman can properly apply in any case arising under the Married Woman's Act in force in this District, *quære.*

No. 661. Submitted April 28, 1897. Decided May 25, 1897.

HEARING on an appeal by the defendant from a judgment on demurrer to a plea of coverture in an action on several promissory notes. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Henry M. Earle* for the appellant:

A very broad discrimination is to be made between a

woman's contracting as to her sole and separate estate, as she has undoubtedly the right to do, and in her making a purchase of a new estate, giving in consideration therefor her personal obligation, and no reference being made therein to property already hers, nor any pledged in the purchase. A right to contract in matters having relation ◦ to sole and separate estate, very materially differs from the right to enter into an executory contract for the purchase of a new estate. *Jones* v. *Crossthwaite,* 17 Iowa, 402; *Ames* v. *Foster,* 42 N. H. 381.

It is not denied that the notes sued upon became a charge upon the specific property mentioned; the vendor's lien created by the purchase never amounted to more than this. The delivery of the note placed the vendor in no different position, and could in no manner overcome the clear intent of the statute, and thereby subject the married woman to the terms of the trust or mortgage in relation to her sole and separate estate. In this connection it should be borne in mind that although the property was conveyed to Eliza J. Sonnemann, the very terms of the negotiations were such that the trust or mortgage should be given "in part payment of the purchase money." It is too broad an interpretation of the statute to hold that the contract was under these circumstances made in relation to her separate estate; it would seem rather to relate to that of the vendor.

A married woman may buy with the cash of her own separate estate, and contract in relation thereto, but should she buy for credit, the property being charged with the price, it would be merely a conditional conveyance, not a purchase. If the law could call this a purchase, as of her sole and separate estate, she could be permitted to create a personal obligation thereon, concerning her own right and separate estate, but it is not the implied intent of the statute to thus devise a new way by which a married woman may acquire property by her sole and separate estate. These statutes are not enabling acts.

The acquiring of this property was not by such method as was within the contemplation of the statute, and the property could not have thus become hers, to such an extent that allowed her obligation to become more than a charge upon the property. No contract was made which includes the pledge of her separate estate. This contract was merely in anticipation of a purchase of such separate estate, and the obligations were unauthorized by the act. It is the status as a proprietor that the statute seeks to regulate, not the power of the woman to make contracts, or her capacity to acquire property. The statute relates only to property acquired by her, in ways known to the common law, and was framed, having in contemplation the manner in which a married woman, at common law, could acquire a separate estate. The words " having relation to her sole and separate estate" are for the purpose of limiting the range of contracts; had the purpose been other than this, Congress would have omitted them, and the married woman would have had unlimited range to contract. *Goldsmith* v. *Ladson,* 20 Mackey, 221; *Schneider* v. *Garland,* 1 Mackey, 335; *Hitchcock* v. *Richold,* 5 Mackey, 414; *Ames* v. *Foster,* 42 N. H. 381; *Seitz* v. *Mitchell,* 4 Otto, 585.

*Mr. D. W. Baker* and *Mr. Adolph G. Wolf* for the appellees:

That a married woman is liable on such a contract as that here sued on has been well settled by the adjudicated cases. *Ballin* v. *Dillaye,* 37 N. Y. 35; *Stewart* v. *Jenkins,* 6 Allen, 300. Our statute says, " in all matters having relation to her sole and separate property," thus being almost the same as the statutes in the cases above quoted. " Relation," according to Worcester, is a " connection between things as a subject of the understanding." Its synonyms are reference, respect, regard. (Soule's English Synonyms.)

The statute was not designed to abridge the powers of married women, or to give them less authority over their

11 Ct. App.—11.

separate estate, which might be held by them free from the control or interference of their husbands, than they had at common law over lands held by them in their own right. *Bartlett* v. *Bartlett*, 4 Allen, 440, 443. The wife may charge her legal separate estate, created by statute, to the same extent and for the same purposes that she could have charged her equitable separate estate created by an instrument of trust. Kelly's Contracts of Married Women, p. 265, and citations; *Ballin* v. *Dillaye*, 37 N. Y. 35.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This case presents a question as to the construction of the Married Woman's Act of 1869, as embodied in Sections 727 and 729 of the Revised Statutes relating to the District of Columbia.

The action was brought to recover on three promissory notes, made by the appellant, Eliza J. Sonnemann, and her husband to the appellee, Meyer Loeb, amounting in the aggregate to the sum of $1,500, and which notes were given for part of purchase money for real estate purchased of and conveyed to the appellant, a married woman, by the appellee.

The question in the case is raised by a demurrer of the appellee, the plaintiff below, to the plea of the appellant, in which her coverture is set up as a bar to the recovery on the notes. The facts as set out in the plea are thus stated:

"That she, the defendant, was at the time of the making of the said supposed promises in the declaration alleged, and now is, the wife of the defendant, Theodore Sonnemann, and that she purchased of the plaintiff certain real estate, and in part payment of the purchase money she, the defendant, and the defendant, Theodore Sonnemann, at the time of the delivery to the defendant, Eliza J. Sonnemann, of the deed for said real estate, executed and delivered to the plaintiff their certain promissory notes, aggregating the sum of fifteen hundred dollars, which are the several contracts sued upon in the several counts of said declaration, and that said defend-

ant Eliza J. Sonnemann and the defendant Theodore Sonnemann secured said notes, at said time aforesaid, by a deed of trust in the nature of a mortgage on said real estate, the said deed of trust bearing date the 28th day of September, 1894; without this, that the defendant, Eliza J. Sonnemann, undertook and promised in manner and form as in the first, third, fourth, sixth, seventh and ninth counts of the said declaration alleged."

To this plea the plaintiff demurred; and the court sustained the demurrer, and entered judgment for the plaintiff for the amount of the notes.

The question is, whether the notes were given in a matter having relation to the sole and separate property of the appellant, as if she were unmarried.

Section 727, Revised Statutes, District of Columbia, provides that the right of any married woman to any property, personal or real, acquired during marriage in any other way than by gift or conveyance from her husband, *shall be as absolute as if she were unmarried,* and shall not be subject to the disposal of her husband, nor be liable for his debts. And by Section 729, it is provided that any married woman may contract and sue and be sued, in her own name, *in all matters having relation to her sole and separate property in the same manner as if she were unmarried.*

If the appellant were unmarried, there could be no question of her liability on the notes; and as the property for which the notes were given was, by the statute, made her sole and separate property, the moment of its purchase, it is difficult to perceive why the contract to secure the payment of the purchase money, did not have relation to her sole and separate property. In this case the deed was made, and the contract of purchase consummated, when the notes were passed; and it would, therefore, seem to be too plain for question that the notes had relation to the property thus acquired by the wife, as her sole and separate property. We think there ought to be no doubt as to this question,

and that the ruling of the court below upon the demurrer to the appellant's plea was entirely correct. And if authority for the support of that ruling were deemed necessary, it would be found in the cases of *Ballin* v. *Dillaye*, 37 N. Y. 35, and *Stewart* v. *Jenkins*, 6 Allen, 300, referred to by the counsel of the appellee.

In the last mentioned case, in construing a statute very similar in terms to that here under consideration, the court said, that "the most liberal application of the statute could hardly change the result at which we have arrived. The conveyance of the real estate and the delivery of the note in suit were simultaneous. The note was without consideration, and of no force or effect, except in consequence of the vesting of the estate in her as her sole and separate property. She was competent to receive the conveyance, and it passed the title to the land. It would be hard to say, that the contract to pay for the land which she thus took and held was not entered into 'in reference to her separate property.'"

The case of *Ritch* v. *Hyatt*, 3 MacArthur, 536, is mainly relied on by the appellant to support her defence made by her plea. But without stopping to point out the circumstances that distinguish that case from the present, it is sufficient to say that the distinction taken in that case, between an executory and an executed contract, and upon which distinction the opinion of the majority of the court appears to be founded, has no application to the facts of this case. Whether such distinction can properly apply in any case arising under the Married Woman's Act, is a question in regard to which we express no opinion.

We think the judgment ought to be affirmed; and it is so ordered.                                *Judgment affirmed.*